

# SUPREME COURT OF ARKANSAS

No. CR-13-643

| | | |
|---|---|---|
| BLAKE H. WALDEN | | **Opinion Delivered** May 1, 2014 |
| | APPELLANT | |
| | | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, [NOS. CR2004-087; CR2004-088; CR2012-470] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE J. MICHAEL FITZHUGH, JUDGE |
| | | AFFIRMED AS MODIFIED. |

**COURTNEY HUDSON GOODSON, Associate Justice**

Appellant Blake Walden appeals a probation-revocation order from the Sebastian County Circuit Court sentencing him to a term of fourteen years in the Arkansas Department of Correction plus eight years' suspended imposition of sentence, to run consecutively. On appeal, Walden contends that the fourteen-year sentence imposed upon his revocation is illegal because (1) upon revocation, the circuit court imposed a sentence in excess of the originally imposed suspended sentence; and, (2) the circuit court improperly imposed multiple suspended sentences to run consecutively, despite the fact that his original suspended sentences ran concurrently. In short, Walden contends that the maximum sentence available upon his revocation was eight years' imprisonment with the two suspended sentences to run concurrently to that term, as opposed to the fourteen-year imprisonment followed by two consecutive terms of suspended sentences imposed by the circuit court. He requests that this

court correct his sentence by reducing it to a term of no more than eight years. The court of appeals recommended this case for certification to this court on the basis that it presented an issue of substantial public interest and a legal principle of major importance. This court accepted certification, and our jurisdiction is proper pursuant to Arkansas Supreme Court Rule 4–2(d)(2). We affirm the fourteen-year term of imprisonment and modify the two suspended sentences to run concurrently with each other and with the term of imprisonment.

Walden's original sentences stem from three difference cases, CR2004-087, a felony hot-check conviction; CR2004-088, a second-degree forgery conviction; and CR2012-470, a possession of drug paraphernalia conviction. In the felony hot-check case and the second-degree forgery case, the trial court sentenced Walden to thirty-six months' imprisonment with an additional forty-eight months' suspended imposition of sentence.[1] In June 2010, Walden's suspended sentences were revoked for these two cases. Upon revocation, he was sentenced to serve an additional thirty-six months' imprisonment on the hot-check case and an additional forty-eight months' suspended imposition of sentence on the second-degree forgery case. Then, in 2012, Walden was sentenced to twenty-four months' imprisonment with forty-eight months' suspended imposition of sentence for possession of drug paraphernalia in CR2012-470.

On April 23, 2013, the State filed a petition to revoke Walden's suspended sentences from all three previous convictions.[2] In the revocation petition, the State contended that

---

[1]Walden committed the acts that resulted in the felony hot-check charge and the second-degree forgery charge in September and October 2003 respectively.

[2]Walden does not challenge the sufficiency of the evidence supporting the revocation.

SLIP OPINION

Walden was subject to maximum sentences totaling twenty-two years' imprisonment. The circuit court revoked Walden's suspended sentences on each charge and imposed a sentence of fourteen years' imprisonment for the felony hot-check charge with two additional suspended sentences of forty-eight months to run consecutively to the term of imprisonment and to each other. In total, Walden was sentenced to fourteen years' imprisonment with an additional eight years' suspended imposition of sentence beginning after the term of imprisonment ended.

This court views an issue of a void or illegal sentence as being an issue of subject–matter jurisdiction, in that it cannot be waived by the parties and may be addressed for the first time on appeal. *State v. Webb*, 373 Ark. 65, 281 S.W.3d 273 (2008) (citing *Thomas v. State*, 349 Ark. 447, 79 S.W.3d 347 (2002); *Bangs v. State*, 310 Ark. 235, 835 S.W.2d 294 (1992)). A sentence is void or illegal when the circuit judge lacks the authority to impose it. *Cross v. State*, 2009 Ark. 597, 357 S.W.3d 895. If we hold that a trial court's sentence was illegal and that the error had nothing to do with guilt, but only with the illegal sentence, we can correct the sentence in lieu of remanding. *Harness v. State*, 352 Ark. 335, 101 S.W.3d 235 (2003).

In Arkansas, sentencing is entirely a matter of statute. *Donaldson v. State*, 370 Ark. 3, 257 S.W.3d 74 (2007) (citing Ark. Code Ann. § 5-4-104(a) (Repl. 2013) ("No defendant convicted of an offense shall be sentenced otherwise than in accordance with this chapter.")). In stating this general rule, this court has consistently held that sentencing shall not be other than in accordance with the statute in effect at the time of the commission of the crime.

SLIP OPINION

*Sullivan v. State*, 366 Ark. 183, 234 S.W.3d 285 (2006).

Although Walden did not raise his argument that the sentence imposed upon revocation was illegal below, this failure is not a procedural bar to our review of his sentence because an appellant can challenge an illegal sentence for the first time on appeal. For purposes of appellate review, the issue of an illegal sentence is not solely whether it is within the prescribed statutory range, but whether the trial court had authority to impose the sentence. *Donaldson*, *supra*.

Walden contends that the circuit court's fourteen-year sentence is illegal because he was only subject to a maximum sentence of eight years based on the suspended sentences he had received in his prior revocation. In addition, Walden contends that, based on the circuit court's originally imposed suspended imposition of sentence, the maximum sentence he could receive upon revocation for the possession of drug paraphernalia charge was forty-eight months. Combining the suspended sentences for all three charges, Walden asserts that he is subject to a maximum sentence of eight years upon revocation. In contrast, the State contends that Walden was subject to a maximum sentence of twenty-two years based on the maximum sentences available for Walden's three prior convictions and after subtracting the time Walden previously served in the Arkansas Department of Correction.

As we have already mentioned, Walden pled guilty to a felony hot-check charge and a second-degree forgery charge based on crimes that occurred in 2003. Therefore, Act 1569 of 1999 was in effect at the time Walden committed these two crimes. Act 1569 amended Arkansas Code Annotated section 5-4-301(d) to add a new subsection (d)(2), which at that

time provided:

> (d)(1) When the court suspends the imposition of sentence on a defendant or places him on probation, the court shall enter a judgment of conviction only if:
>> (A) It sentences the defendant to pay a fine and suspends imposition of sentence as to imprisonment or places the defendant on probation; or
>> (B) It sentences the defendant to a term of imprisonment and suspends imposition of sentence as to an additional term of imprisonment.
>
> (2) The entry of a judgment of conviction shall not preclude:
>> (A) The modification of the original order suspending the imposition of sentence on a defendant or placing a defendant on probation following a revocation hearing held pursuant to 5-4-310; and
>> (B) Modifications set within the limits of § 5-4-303, 5-4-304, and 5-4-306.

*Moseley v. State*, 349 Ark. 589, 595, 80 S.W.3d 325, 328 (2002). We have recognized that, as a result of the addition of subsection (d)(2) by Act 1569 of 1999, trial courts were specifically authorized to modify original court orders and even add penalties to those orders up to the statutory limits. In addition, the Act permitted trial courts to modify sentences during a revocation proceeding if the Act was in effect at the time the original crime was committed. *Cf. Moseley*, *supra* (holding that the trial court was within its jurisdiction to modify a probation order upon revocation) *with Gates v. State*, 353 Ark. 333, 107 S.W.3d 868 (2003) (holding that Act 1569 did not permit a trial court to modify a sentence during a probation revocation when the original crime was committed prior to the effective date of the Act).

Furthermore, Arkansas Code Annotated section 5-4-309(f) (Supp. 2003) was in effect at the time Walden committed his crimes. That section provided:

> (A) If the court revokes a suspension or probation, it may enter a judgment of conviction and may impose any sentence on the defendant that might have been imposed originally for the offense of which he was found guilty.
> (B) Provided, that any sentence to pay a fine or to imprisonment, when combined

with any previous fine or imprisonment for the offense, shall not exceed the limits of § 5-4-201 or § 5-4-401, or if applicable, § 5-4-501.

Ark. Code Ann. § 5-4-309(f) (Supp. 2003).

Based on the statutes in effect at the time of Walden's crimes, trial courts were permitted to modify original court orders, including orders of incarceration followed by suspended sentences, and impose any sentence that might have been imposed originally. Walden's felony hot-check conviction was a Class B felony subject to a maximum term of twenty years' imprisonment. Ark. Code Ann. § 5-4-401(a)(3) (Repl. 2013).[3] Therefore, upon revocation, the trial court was authorized to modify Walden's original sentence up to the maximum statutory sentence of twenty years, minus any previous imprisonment imposed, for that charge. The parties do not dispute that Walden has served a total of six years' imprisonment, three years in his original sentence and three years upon his first revocation, for the felony hot-check conviction. Therefore, the circuit court's sentence of fourteen years' imprisonment upon his revocation for the felony hot-check conviction is not an illegal sentence.

As for Walden's second-degree forgery conviction, it was a Class C felony subject to a maximum sentence of ten years. Ark. Code Ann. § 5-4-401(a)(4) (Repl. 2013). Like his felony hot-check conviction, the parties do not dispute that Walden has served a total of six years imprisonment for his second-degree forgery conviction. Therefore, the trial court could

---

[3]Although we cite to the current replacement volume of the Arkansas Code, we note that the language of § 5-4-401 (Repl. 1997), which was the volume in effect at the time of Walden's crimes, has not changed.

properly sentence Walden to no more than four years' imprisonment upon his revocation for second-degree forgery. The four-year suspended imposition of sentence Walden received upon revocation for the second-degree forgery charge is not an illegal sentence.

However, our inquiry into the propriety of the circuit court's imposed sentences does not end here. Walden maintains that the trial court erred by ordering that he serve his suspended sentences consecutively. In this regard, we turn to Arkansas Code Annotated section 5-4-307, which governs suspended sentences. That statute provides:

> (a) Except as provided in subsection (c) of this section, a period of suspension or probation commences to run on the day it is imposed.
> (b)(1) Whether imposed at the same or a different time, multiple periods of suspension or probation run concurrently.
> (2) The period of a suspension or probation also runs concurrently with any federal or state term of imprisonment or parole to which a defendant is or becomes subject to during the period of the suspension or probation.
> (c) If a court sentences a defendant to a term of imprisonment and suspends imposition of sentence as to an additional term of imprisonment, the period of the suspension commences to run on the day the defendant is lawfully set at liberty from the imprisonment.

Ark. Code Ann. § 5-4-307 (Repl. 2013).[4]

As we have noted, sentencing is entirely a matter of statute in this state. *Donaldson*, *supra*; Ark. Code Ann. § 5-4-104(a). We construe criminal statutes strictly, resolving any doubts in favor of the defendant. *Short v. State*, 349 Ark. 492, 79 S.W.3d 313 (2002). We construe a statute just as it reads, giving the words their ordinary and usually accepted meaning in common language, and if the language of the statute is plain and unambiguous,

---

[4]We note that this statute has not been amended since 1975. Therefore, the current volume of the Code is the same as the version that was in effect in 2003 and 2012, when Walden committed the crimes at issue.

SLIP OPINION

and conveys a clear and definite meaning, there is no occasion to resort to rules of statutory interpretation. *Harness*, *supra*. In construing any statute, we place it beside other statutes relevant to the subject matter in question and ascribe meaning and effect derived from the whole. *Id*. However, we will not interpret a statute, even a criminal one, so as to reach an absurd conclusion that is contrary to legislative intent. *Windsor v. State*, 338 Ark. 649, 1 S.W.3d 20 (1999).

The plain language of section 5-4-307(b)(1) prohibits a circuit court from running Walden's suspended sentences for second-degree forgery and possession of drug paraphernalia consecutively to each other. Therefore, we hold that Walden's sentence is illegal to the extent that the trial court ordered multiple periods of suspension to run consecutively, rather than concurrently as required by section 5-4-307(b)(1).

Finally, we examine the propriety of the circuit court's order running Walden's suspended sentences for second-degree forgery and possession of drug paraphernalia consecutively with his fourteen-year prison sentence for the felony hot-check conviction. Walden contends that because the circuit court ordered his original sentences for the felony hot-check and second-degree forgery convictions to run concurrently, the court is precluded from ordering those sentences to run consecutively upon revocation. Walden's argument is misplaced, and we reject his contention that the trial court was not authorized to run the sentences consecutively because his original sentences were to run concurrently. However, we hold that, pursuant to Arkansas Code Annotated section 5-4-307(b)(2), the trial court was not permitted to run two suspended sentences consecutively to the term of imprisonment that

was imposed for a different charge.

While we have previously held that a suspended imposition of sentence does not begin to run until after a term of imprisonment ends when both are imposed as a sentence for a single crime, we have not addressed the issue of whether a circuit court may order a suspended sentence for one or more crimes to run consecutively to a term of imprisonment for a separate crime. *See Harness*, *supra* (holding that when a defendant is sentenced to a term of imprisonment followed by a suspended sentence for a single offense, the suspended sentence does not commence until the term of imprisonment has ended and, therefore, a circuit court lacks jurisdiction to revoke the suspended sentence during the defendant's incarceration). The State contends that Arkansas Code Annotated section 5-4-307(c) permits circuit courts to run suspended sentences consecutively to a term of imprisonment imposed for a separate charge. To reiterate, that statute states that if a court sentences a defendant to a term of imprisonment and suspends imposition of sentence as to an additional term of imprisonment, the period of the suspension commences to run on the day the defendant is lawfully set at liberty from the imprisonment. Ark. Code Ann. § 5-4-307(c). However, section 5-4-307(b)(2) provides that "the period of a suspension or probation runs concurrently with any federal or state term of imprisonment or parole *to which a defendant is or becomes subject to during the period of the suspension or probation*." Ark. Code Ann. § 5-4-307(b)(2) (emphasis added). Whereas section 307(c) does not explicitly contemplate sentencing for multiple offenses, the plain language of section 304(b)(2) deals specifically with suspended-sentencing procedures when a defendant is subject to or becomes subject to a term of imprisonment for

9

a different offense during the period of the suspension. Pursuant to our rules of statutory construction, we give effect to the specific statute over the general statute. *Searcy Farm Supply, LLC v. Merchants & Planters Bank*, 369 Ark. 487, 256 S.W.3d 496 (2007). Thus, we hold that section 307(b)(2), rather than section 307(c), applies to Walden's sentences because he was subject to the term of imprisonment for the felony hot-check conviction during the term of his suspended sentence for the second-degree forgery charge and the possession of drug paraphernalia charge.

We find additional support for this interpretation from our holding in *Seamster v. State*, 2009 Ark. 258, 308 S.W.3d 567. In that case, the defendant received a sentence of imprisonment for one crime and a suspended sentence for his second crime. During his period of imprisonment, the circuit court revoked his suspended sentence. On appeal, relying on *Harness*, he contended that the trial court could not revoke his suspended sentence because that sentence did not commence until his release from incarceration. We held that, in accordance with section 5-4-307(b)(2), his suspended sentence ran concurrently with the term of imprisonment and, therefore, the circuit court did have jurisdiction to revoke his suspended sentence during his term of imprisonment.

Finally, we note that when multiple sentences of imprisonment are imposed on a defendant convicted of more than one offense, including an offense for which a previous suspension or probation has been revoked, the sentences shall run concurrently unless, upon recommendation of the jury or the court's own motion, the court orders the sentences to run consecutively. Ark. Code Ann. § 5-4-403(a). Although the General Assembly has clearly

10

provided that multiple sentences of imprisonment for multiple offenses may run consecutively upon the court's order, it has not similarly provided that suspended sentences may run consecutively to a term of imprisonment when multiple offenses are involved.

In conclusion, Walden's sentences for second-degree forgery and possession of drug paraphernalia are illegal to the extent that the circuit court ordered multiple periods of suspension to run consecutively, rather than concurrently as required by section 5-4-307(b)(1). In addition, Walden's suspended sentences on those same two charges are illegal to the extent that they run consecutively to the imprisonment imposed for his felony hot-check conviction. Because neither issue relates to Walden's guilt, we can correct the sentence in lieu of remanding. *Harness*, *supra*. Therefore, we affirm the circuit court's sentence of fourteen years' imprisonment imposed for Walden's felony hot-check conviction, but modify the forty-eight month suspended sentence for second-degree forgery and the forty-eight month suspended sentence for possession of drug paraphernalia to run concurrently with each other and concurrently with the term of imprisonment imposed for his felony hot-check conviction.

Affirmed as modified.

*Cullen & Co., PLLC*, by: *Tim J. Cullen*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., and *Nathan Aylesworth*, Law student admitted to practice pursuant to Rule XV of the Rules Governing Admission to the Bar of the Supreme Court under the supervision of *Darnisa Evans Johnson*, for appellee.