
SLIP OPINION

Cite as 2016 Ark. 415

# SUPREME COURT OF ARKANSAS

No. CR-16-53

| | |
|---|---|
| DUSTIN DALE LIMBOCKER<br>APPELLANT | Opinion Delivered: December 1, 2016 |
| V. | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [NO. 17CR-08-352] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE GARY COTTRELL, JUDGE |
| | AFFIRMED. |

**RHONDA K. WOOD, Associate Justice**

Dustin Limbocker appeals an order revoking his suspended imposition of sentence and sentencing him to a term of seventy-two months' incarceration in the Arkansas Department of Correction. On appeal, Limbocker argues that the sentence imposed is illegal because, at the time he violated his suspended imposition of sentence, the sentence was incorrectly designated as consecutive, rather than concurrent. Thus, he claims that his sentence could not be revoked for acts that occurred when the sentence was illegal. We affirm the circuit court's revocation order.

Limbocker entered into a negotiated plea of guilty for breaking or entering and criminal mischief. In 2009, the judgment and commitment order reflected a sentence of seventy-two months' incarceration on the breaking or entering and suspended imposition of sentence of 120 months for criminal mischief. The sentences were ordered to run consecutively. In April 2015, Limbocker pled guilty to possession of a controlled substance

and driving while intoxicated, and in September 2015, he was arrested again for aggravated assault and first-degree terroristic threatening.

In September 2015, the State filed a petition to revoke the suspended sentence. At the first revocation hearing, the circuit court found that Limbocker's original sentence was illegal in application because the sentences for breaking or entering and the suspended imposition of sentence were ordered to run consecutively but were not illegal per se. Therefore, it amended Limbocker's previous sentence to run concurrently and continued the hearing on the revocation. At the second revocation hearing, the circuit court revoked the original sentence as amended, and sentenced Limbocker to seventy-two months' incarceration.

Limbocker appeals the circuit court's order revoking his suspended imposition of sentence. He argues that until his original sentence was modified it was void and could not have been used as a basis for revocation. Thus, his suspended imposition of sentence could not be revoked for acts that occurred when no valid revocation period was in place. We disagree.

It is undisputed that Limbocker's original sentencing order incorrectly stated that his sentences were to run consecutively rather than concurrently. *See* Ark. Code Ann. § 5-4-307 (Repl. 2013); *Walden v. State*, 2014 Ark. 193, 433 S.W.3d 864. If an original sentence is illegal, even though it has been partially executed, the court may correct it. *State v. Webb*, 373 Ark. 65, 69, 281 S.W.3d 273, 277 (2008). Here, the court properly amended the sentencing order so that it adhered to our holding in *Walden*. 2014 Ark. 193, 433 S.W.3d 864. In *Walden*, we held that Arkansas Code Annotated § 5-4-307(b) requires suspended

2

sentences imposed with terms of imprisonment for different crimes to run concurrently, not consecutively. *Id.* However, the effect of amending an illegal sentencing order is not to nullify the entirety of the order. We have consistently stated that "the remedy for an illegal sentence is not dismissal of the proceedings." *Id.* In the same vein, we will not dismiss Limbocker's revocation proceedings simply because the sentencing order was facially invalid. The proper remedy is to amend, which the court did here.

Furthermore, we note that Limbocker has alleged no actual harm as a result of the illegal sentence. Limbocker's suspended sentence was revoked within the limits of the sentencing statute. Regardless of whether the suspended imposition of sentence was 120 months from the date he entered a plea of guilty or from the date of his release, his subsequent offenses in January 2015 and September 2015 fell within the period of the legal suspended imposition of sentence. Thus, the incorrect sentencing order was not illegally applied. Additionally, the error has nothing to do with the issue of guilt or innocence but relates only to punishment. Limbocker does not allege that he was unaware of the terms of his suspended sentence, nor does he contest the basis for his revocation. *See* Ark. Code Ann. § 16-93-308(f) ("A court may revoke a suspension . . . subsequent to the expiration of the period of suspension . . . if before expiration of the period . . . the defendant is arrested for violation of suspension."). Therefore, we affirm the circuit court's revocation of Limbocker's suspended sentence.

Affirmed.

DANIELSON AND HART, JJ., dissent.

3

**PAUL E. DANIELSON, Justice, dissenting.** I respectfully dissent. As stated by the majority, it is undisputed that the sentence was illegal. I disagree with the majority's holding that the circuit court had the authority to revoke Limbocker's suspended sentence based on actions occurring during the illegal, and therefore void, sentence. Because the sentence was void, there was no suspended sentence imposed when the acts occurred, and the circuit court lacked authority to revoke it.

A circuit court does not have the authority to revoke a suspended sentence prior to the commencement of the period of suspension. *Harness v. State*, 352 Ark. 335, 101 S.W.3d 235 (2003). A sentence is void when the circuit court lacks the authority to impose it. *Id*. Here, the circuit court entered an order in contravention of statute by stating that the sentences were to run consecutively rather than concurrently. *See* Ark. Code Ann. § 5-4-307 (Repl. 2013). The majority states that the circuit court "amended," "modified," or "corrected" Limbocker's sentence to state that it ran concurrently, rather than consecutively. This change by the circuit court was made at a hearing after the petition to revoke had been filed in order to comply with section 5-4-307. Limbocker should have been resentenced, with the sentences to run concurrently from the date of the original 2009 order.

Limbocker entered into a negotiated plea agreement. We apply general contract principles in interpreting plea agreements. *See Godner v. State*, 2011 Ark. 248, 382 S.W.3d 674 (per curiam). A plea agreement is just what it says it is: an agreement or contract between a defendant and the State. Like any other contract, a plea agreement is unenforceable during the time that it is void or illegal. Any breach or violation of the agreement can occur only during the time that the agreement is valid and enforceable. Just

as the terms of a contract cannot be breached during a time that the contract is void and unenforceable, the terms of a plea agreement cannot be violated during a time that the agreement is void and unenforceable.

I have no problem with the circuit court modifying or correcting an illegal sentence to make the sentence valid and enforceable. However, I cannot see how a person can be guilty of violating a condition of suspended sentence for actions occurring during a time that the sentence was illegal, void, and necessarily unenforceable. It seems to me that the circuit court can consider only actions occurring after the modification or correction of the sentencing order. Accordingly, I would hold that the circuit court lacked the authority to revoke Limbocker's suspended sentence based on actions that occurred before the period of suspension.

I also disagree with the majority's conclusion that Limbocker "has alleged no actual harm as a result of the illegal sentence." Limbocker's argument is that the circuit court did not have the authority to revoke his suspended sentence because his sentence was illegal, and there was no period of suspension in place when the acts occurred. When the circuit court revoked Limbocker's suspended imposition of sentence, he received a sentence of six years in prison. Six years' imprisonment strikes me as rather harmful.

For the reasons stated above, I dissent and would reverse and remand.

Hart, J., joins in this dissent.

*Lisa-Marie Norris*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee