ROBERT J. GLADWIN, Judge *514 Appellant Linda Dodds appeals the revocation of her suspended imposition of sentence (SIS) after which she was sentenced to six years' incarceration in the Arkansas Department of Correction (ADC). Appellant claims that (1) her original sentence was illegal and could not be revoked, (2) the revocation violated ex post facto laws, (3) her sentence could not be revoked because the underlying plea agreement was unenforceable, and (4) there was insufficient evidence to revoke her SIS. We reverse and dismiss the revocation and remand to the trial court to correct the original sentence to show that the SIS runs concurrent to the term of imprisonment in the Regional Correctional Facility (RCF).
On December 29, 2008, the State filed a felony information against appellant alleging possession of marijuana with intent to deliver, simultaneous possession of drugs and firearms, and possession of oxycodone with intent to deliver. On August 6, 2009, appellant pleaded guilty and was sentenced to forty-eight months in the RCF plus 120 months' SIS to run consecutively.
The State filed its initial petition to revoke on May 12, 2016, based on allegations of the commission of new offenses (May 2, 2016, possession of hydromorphone, a Class D felony, and charged as a habitual offender). Amended petitions were filed on June 24, 2016 (June 17, 2016, theft of property, a Class D felony, and charged as a habitual offender); and July 20, 2016 (May 11, 2016, failure to appear). And on October 6, 2016, the State filed a third amended petition to revoke, alleging that she committed the new offenses of possession of hydromorphone, theft of property, failure to appear (added date of August 2, 2016, related to the revocation hearing), and possession of drug paraphernalia (August 17, 2016, a Class B felony); possession of methamphetamine (August 17, 2016, a Class D felony); and possession of marijuana (August 17, 2016, a Class A misdemeanor). On December 7, 2016, the trial court held a hearing on the State's petition to revoke.
At the hearing, appellant argued that her SIS was illegal because it was ordered to run consecutively to her four-year sentence at the RCF in violation of Walden v. State , 2014 Ark. 193, 433 S.W.3d 864. Both the trial court and the State acknowledged that appellant's SIS should have run concurrently with her sentence of imprisonment. Under Limbocker v. State , 2016 Ark. 415, 504 S.W.3d 592, when an SIS was illegally ordered to run consecutively to a term of imprisonment for a different offense, the trial court was permitted to amend the illegal sentence and subsequently revoke the SIS. Here, however, appellant never requested the trial court to correct her illegal sentence, and there is no indication that the trial court modified appellant's illegal sentence before the revocation.
Appellant instead argued that, contrary to Limbocker , the trial court could not amend her illegal sentence and then revoke her SIS because she would be subjected to additional penalties in violation of the ex post facto laws. Appellant also alleged that the trial court could not revoke her SIS because the underlying plea *515 agreement was unenforceable and illegal in that her SIS ran consecutively to her term of imprisonment. After hearing appellant's arguments, the trial court specifically held that "there [was] no additional penalty" and rejected appellant's ex post facto argument. The trial court never ruled on appellant's argument that her 2009 negotiated plea agreement was unenforceable.
The State then presented evidence that appellant failed to comply with the terms and conditions of her SIS by failing to appear at two hearings-one on May 11, 2016, and then again on August 3, 2016. The trial court found by a preponderance of the evidence that appellant had violated the terms of her SIS, and it revoked it; she was sentenced to six years' incarceration in the ADC pursuant to a sentencing order filed on December 14, 2016. A notice of appeal was timely filed on December 22, 2016.
It is undisputed that as part of the revocation hearing, appellant's counsel and the trial court discussed the illegality of appellant's original sentence; however, the record does not reflect that the trial court amended appellant's illegal sentence from the bench or that there was a subsequent entry of any amended sentencing order. Accordingly, appellant maintains that her illegal sentence as set forth in her original judgment and commitment order still stands and that her SIS cannot be revoked on an underlying sentence that is illegal. Walden , supra ; Seamster v. State , 2009 Ark. 258, 308 S.W.3d 567.
The State acknowledges, and we agree, that appellant's original sentence was illegal. Arkansas Code Annotated section 5-4-307(b)(2) (Repl. 2013) provides that suspended sentences imposed with terms of imprisonment for different crimes must run concurrently, not consecutively. See Limbocker , 2016 Ark. 415, at 2-3, 504 S.W.3d at 593. Although appellant's original sentence was illegal because the trial court ordered her SIS to run consecutively to a term of imprisonment at the RCF, the trial court may correct an illegal sentence at any time even though it has been partially executed. Id. at 2, 504 S.W.3d at 593. Our supreme court has noted that "the effect of amending an illegal sentencing order is not to nullify the entirety of the order." Id. at 3, 504 S.W.3d at 593. Accordingly, we hold that the proper remedy pursuant to Limbocker, supra , would have been for the trial court to modify the original sentencing order, rather than to dismiss the State's petition to revoke-but the trial court failed to do so. Appellant's SIS term should have commenced in August 2009 when she originally pleaded guilty, and if properly amended will run until August 2019. Because appellant could still be subject to revocation of the SIS if she commits a violation before that time, we remand to the trial court to correct the sentencing order in accordance with this opinion to reflect that her SIS ran concurrently to her sentence to the RCF.
Appellant was aware of, and cited the trial court to Limbocker , supra , at the revocation hearing, yet she neither requested nor wanted that result and never asked the trial court to correct her sentence. That said, both the State and the trial court acknowledged that appellant's ten-year SIS should have been ordered to run concurrently to her sentence to the RCF. The trial court subsequently revoked appellant's SIS for violations she had committed in 2016, which "fell within the period of the legal [SIS]." Id. at 3, 504 S.W.3d at 593. Because the trial court failed to first correct the original sentencing order before revoking appellant's SIS, we hold that the revocation was improper because the original illegal sentence was still in place. Accordingly, we reverse and dismiss the revocation.
*516 Because we are reverse and dismiss the revocation of appellant's SIS, we need not reach appellant's additional arguments regarding ex post facto violations, the unenforceability of her underlying plea agreement, and the sufficiency of the evidence supporting the revocation.
Reversed and dismissed in part; remanded in part.