Cite as 2025 Ark. App. 83

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-24-421

| | | |
|---|---|---|
| JOHN MALONE | | **Opinion Delivered** February 12, 2025 |
| | **APPELLANT** | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CR-12-34] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE BRENT DILLON HOUSTON, JUDGE |
| | **APPELLEE** | AFFIRMED |

## STEPHANIE POTTER BARRETT, Judge

Appellant John Malone appeals the revocation of his ten-year suspended sentence by the Circuit Court of Saline County as well as his sentence as a habitual offender to thirty years' imprisonment in the Arkansas Division of Correction that was ordered to be served consecutively to the sentence he received in a separate case for failure to appear.[1] Malone argues on appeal that the imposition of a thirty-year prison sentence is illegal in light of the plain reading of the order and conditions of suspended imposition of sentence and the maximum punishment range for the underlying offense under which the suspension was imposed. We find no error and affirm.

---

[1]The separate charge of failure to appear was heard during this revocation hearing but is not involved in this appeal.

On September 7, 2012, Malone signed a plea statement pleading no contest to one count of Class B felony theft, three counts of Class C felony theft, and four counts of Class D felony theft. His pleas included the Class C felony theft committed on July 18, 2011. The plea statement specifically informed Malone that his range of punishment for a Class C felony was between three and thirty years. The plea statement also included a recommended sentence of thirty years in prison followed by a ten-year suspended imposition of sentence.

On September 10, 2012, the trial court entered an "Order and Conditions of Suspended Imposition of Sentence," which stated that Malone was being sentenced to a total of thirty years in prison for seven of the theft offenses to be served consecutively to a ten-year suspended imposition of sentence (SIS) for one of the Class C felony thefts. This order included the conditions that Malone must not commit a criminal offense punishable by imprisonment and that he pay $39,983.84 in restitution in $305 monthly payments beginning sixty days after his release from prison. As is relevant to Malone's point on appeal, this order also contained the following provision:

> If the Court revokes your suspended imposition of sentence for you violating a condition, it may impose on you a sentence of not less than 3 years nor more than 10 years in the Arkansas Department of Correction and or a fine of up to $10,000.[2]

At the bottom of this order, Malone signed the following acknowledgement:

> I have received a copy of the conditions and I understand that if I violate any of the conditions set out in this agreement, the court can revoke my suspension, *and impose*

---

[2]Ten years is the maximum statutory sentencing range for a Class C felony under normal circumstances, but because Malone was charged and ultimately convicted as a habitual offender with four or more prior felonies, this sentencing range in the order should have said three to thirty years instead of three to ten years.

*any sentence on me that might have been imposed originally for the offense for which I was declared guilty.*

(Emphasis added.)

On September 21, 2012, the trial court entered a sentencing order sentencing Malone to thirty years in prison, to be served concurrently, for seven of the felony theft convictions. The sentencing order also placed Malone on a ten-year SIS for the Class C felony theft committed on July 18, 2011, and it ordered the SIS to be served consecutively to the prison term.[3] For every one of these offenses listed in the sentencing order, the box was checked designating that Malone was being sentenced as a habitual offender under Ark Code Ann. § 5-4-401(b) (Repl. 2013).

On February 28, 2022, the State filed a petition to revoke Malone's SIS, alleging that he committed two additional thefts in 2018 and 2019 after his release from prison and that Malone had failed to pay court-ordered restitution. A warrant for arrest pursuant to the revocation petition was issued on March 1, 2022.[4]

---

[3]As will be discussed, this SIS should have been ordered to run concurrently with the prison term as required by statute, and the trial court amended the sentencing order to reflect that it was to be served concurrently before it revoked Malone's SIS in these revocation proceedings.

[4]Although Malone's SIS was not actually revoked until February 2023, which was after his SIS would have expired in September 2022, this is no impediment to the trial court's jurisdiction and is not at issue on appeal. This is because Ark. Code Ann. § 16-93-308(f)(2) (Supp. 2023) provides that a court may revoke an SIS after the expiration of the period of the suspension if, before the expiration of the period, a warrant is issued for the defendant's arrest for violation of the SIS. Here, a warrant for Malone's arrest was issued in March 2022, which was before the SIS had expired.

Prior to the revocation hearing—on October 31, 2023—the State filed a motion to amend sentence. In that motion, the State noted that the September 21, 2012 sentencing order contained an illegal sentence because it ordered that Malone's ten-year SIS run consecutively to the thirty-year prison term. By statute, the SIS was required to run concurrently with the prison term. Specifically, Ark. Code Ann. § 5-4-307(b)(2) (Supp. 2023) provides that a period of a suspension runs *concurrently* with any term of prison to which the defendant is or becomes subject to during the suspension. However, in the State's motion, it correctly stated that if a sentence is illegal, the trial court may correct the illegal sentence, and the effect of amending an illegal sentence is not to nullify the entirety of the order. The State cited *Limbocker v. State*, 2016 Ark. 415, 504 S.W.3d 592, which is almost directly on point. In *Limbocker*, the supreme court faced the same situation as ours and, under similar circumstances, held that it was proper for the trial court to amend and correct the original sentencing order to reflect that the SIS is to run concurrently (rather than consecutively) with the prison sentence and then revoke the SIS at the revocation proceedings once the State had proved the violations.

The revocation hearing at which Malone appeared was held on February 6, 2024. At the outset of the hearing, the trial court took up the State's motion to amend sentence with respect to the September 21, 2012 sentencing order that had illegally ordered Malone's ten-year SIS to run consecutively to his thirty-year prison sentence on the other charges. The trial court agreed the sentences should have been concurrent, and it orally granted the State's motion to amend the prior sentencing order to reflect the same. Malone voiced no objection

4

to correcting the original sentencing order in this manner, and the revocation proceeding commenced.[5]

At the revocation hearing, the evidence showed that Malone was released from prison in February 2017. The State offered proof that, although Malone was supposed to be making restitution payments, he was significantly behind on the restitution obligation. That State also showed, and Malone acknowledged, that after he was released from prison, Malone pleaded guilty to two more counts of theft committed in 2018 and 2019. Having heard this evidence, the trial court announced that Malone had violated the conditions of his SIS.[6] The hearing then proceeded to the sentencing phase, and the trial court announced it was going to sentence Malone to the maximum sentence of thirty years in prison for the revocation. Notably, Malone did not object then or at any other time below to the thirty-year sentence announced and imposed by the trial court.

On February 7, 2024, the trial court entered an order revoking Malone's SIS and sentencing him as a habitual offender to thirty years in prison for that offense, i.e., the Class C felony theft Malone had committed on July 18, 2011. An amended sentencing order to the same effect was entered on February 15, 2024. Malone timely appealed.

---

[5]The trial court formally entered an amended sentencing order the following day that corrected the illegal sentence and noted that Malone's ten-year SIS would run concurrently with the thirty-year prison sentence on the other offenses. This amended order was entered prior to the order that revoked Malone's SIS.

[6]Again, Malone does not challenge these violations on appeal.

On appeal, Malone argues that his sentence is illegal because it exceeds the maximum punishment range for the original offense. This court views an issue of a void or illegal sentence as an issue of subject-matter jurisdiction in that it cannot be waived by the parties and may be addressed for the first time on appeal. *State v. Webb*, 373 Ark. 65, 281 S.W.3d 273 (2008) (citing *Thomas v. State*, 349 Ark. 447, 79 S.W.3d 347 (2002); *Bangs v. State*, 310 Ark. 235, 835 S.W.2d 294 (1992)). A sentence is void or illegal when the trial court lacks the authority to impose it. *Cross v. State*, 2009 Ark. 597, 357 S.W.3d 895. If we hold that a trial court's sentence was illegal and that the error had nothing to do with guilt but only with the illegal sentence, we can correct the sentence in lieu of remand. *Harness v. State*, 352 Ark. 335, 101 S.W.3d 235 (2003).

In Arkansas, sentencing is entirely a matter of statute. *Donaldson v. State*, 370 Ark. 3, 257 S.W.3d 74 (2007) (quoting Ark. Code Ann. § 5-4-104(a) (Repl. 2013) ("No defendant convicted of an offense shall be sentenced otherwise than in accordance with this chapter.")). In stating this general rule, this court has consistently held that sentencing shall not be other than in accordance with the statute in effect at the time of the commission of the crime. *Sullivan v. State*, 366 Ark. 183, 234 S.W.3d 285 (2006). The general rule is that a sentence imposed within the maximum term prescribed by law is not illegal on its face. *McArty v. State*, 2020 Ark. 68, 594 S.W.3d 54. The petitioner seeking relief carries the burden of demonstrating that his or her sentence was illegal. *Rainer v. State*, 2022 Ark. 159, at 3, 651 S.W.3d 713, 716. A circuit court has subject-matter jurisdiction to hear and determine cases

involving violations of criminal statutes, and generally, a sentence imposed within the maximum term prescribed by law is not illegal on its face. *Id.*

Malone cites Ark. Code Ann. § 4-4-401(a)(4), which provides that the sentence for a Class C felony shall not be less than three years nor more than ten years. However, Malone completely ignores the fact that he was charged and sentenced as a habitual offender with more than four prior felonies pursuant to Ark. Code Ann. § 5-4-501(b) (Supp. 2023). And subdivision (b)(2)(D) of that statute provides that for a Class C felony, the habitual-offender defendant is subject to a term of imprisonment of not less than three nor more than thirty years. The criminal information filed in this case states that Malone is a habitual offender with more than four prior convictions under section 5-4-501(b); the plea statement signed by Malone stated that his range of punishment for a Class C felony is three to thirty years; and the September 21, 2012 sentencing order that placed Malone on the ten-year SIS expressly noted that he was sentenced as a habitual offender under section 5-4-501(b). Clearly, under the habitual-offender guidelines under which Malone was charged and convicted of the Class C felony, he could have originally been sentenced to thirty years in prison. That being so, upon revocation, Malone could be sentenced to the maximum thirty-year sentence because this was a sentence "that might have been imposed originally for the offense of which he . . . was found guilty." Ark. Code Ann. § 16-93-308(g)(1)(A). Therefore, the thirty-year sentence was a legal sentence within the applicable statutory range of punishment.

Malone next argues that the language in the trial court's "Order and Conditions of Suspended Imposition of Sentence" constrained the trial court to impose a maximum ten-year prison sentence upon revocation of Malone's SIS. In particular, paragraph 11 of the order states:

> If the Court revokes your suspended imposition of sentence for you violating a condition, it may impose on you a sentence of not less than 3 years nor more than 10 years in the Arkansas Department of Correction and or a fine of up to $10,000.

Malone argues, for the first time on appeal, that the trial court was bound by this paragraph in this order. While it is unquestionably true that the issue of jurisdiction can be raised at any time, we do not agree with Malone's contention that the trial court lacked jurisdiction in this matter. In Arkansas, the circuit court has subject-matter jurisdiction to try cases involving the violation of criminal statutes and has the authority to impose or suspend sentences and to revoke those suspended sentences. Ark. Code Ann. § 16-93-308(g)(1)(A); *Goldsmith v. State*, 2023 Ark. App. 77, 660 S.W.3d 858. In the instant case, the circuit court clearly had jurisdiction over the subject matter of the revocation hearing, and Malone was properly before the court. *Banning v. State*, 22 Ark. App. 144, 737 S.W.2d 167 (1987). Here, because Malone was a habitual offender with four or more previous felony convictions, he was subject to a maximum sentence of thirty years' imprisonment for his conviction for Class C felony theft of property. Ark. Code Ann. § 5-4-501(b)(1), (2)(d). When a trial court revokes a defendant's SIS and enters a judgment of conviction, it has discretion to impose any sentence on the defendant that might have been imposed originally for the offense of which he was found guilty. Ark. Code Ann. § 16-93-308(g)(1)(A); *Goldsmith*, *supra*. Thus, Malone's

8

sentence is within the maximum term prescribed by law and is not illegal on its face. *McArty*, 2020 Ark. 68, 594 S.W.3d 54.

Malone also argues that he was not told by the trial court that his sentence could be subject to a habitual criminal enhancement. A review of the record shows that the conditions of his suspended sentence erroneously stated the offense was a Class C felony with a range of punishment of three to ten years. However, the original sentencing order indisputably shows that Malone was sentenced in count 4 pursuant to the habitual-offender act. On September 5, 2012, the State filed an amended information setting forth that the allegations of criminal offenses were subject to the habitual-offender act due to the classification of the offense. On the same date as he pleaded no contest on count 4, Malone also plead no contest to counts 1–3 and 5–8, two of which were Class C felonies. In those cases, Malone was sentenced to thirty-year concurrent sentences on each pursuant to the habitual-offender statue. Malone cannot dispute there was clear notice that he could be sentenced to a term of imprisonment on a Class C felony on the basis of his sentence of thirty years on his other two Class C felonies. Malone's argument was not made to the trial court, nor did Malone provide on appeal the transcript of his original sentencing hearing so this court might determine the validity of his allegation. Further, he raised no objection during the revocation hearing to the sentence being imposed by the trial court. Questions regarding notice must be raised at trial to preserve the issue for appellate review. *See Middleton v. State*, 311 Ark. 307, 842 S.W.2d 434 (1992) (acknowledging that a conviction for an uncharged crime is a violation of due process but holding that the issue was waived

because it was being raised for the first time on appeal); *Cheshire v. State*, 80 Ark. App. 327, 95 S.W.3d 820 (2003) (acknowledging that due process requires a probationer to be informed of the conditions of his probation he is alleged to have violated but holding that the denial of that right must be presented to the trial court for it to be preserved for appellate review).

In the present case, the thirty-year sentence imposed on Malone as a habitual offender for a Class C felony was clearly a legal sentence, and because Malone's claim here pertains to notice and not the legality of the sentence, it is not preserved for review. As stated, Malone was charged with a Class C felony as a habitual offender with more than four prior felonies, and as such, he was subject by statute to a term of imprisonment of between three and thirty years. Malone pleaded no contest and signed the plea statement that correctly reflected he could be sentenced to between three and thirty years for the Class C felony. The sentencing order entered after Malone's no-contest plea plainly shows that he was sentenced for a Class C felony as a habitual offender with more than four felonies. While it is true that the "Order and Conditions of Suspended Imposition of Sentence" incorrectly reflects a sentencing range of three to thirty years upon revocation, below that notation is an acknowledgement signed by Malone stating, "I understand that if I violate any of the conditions set out in this agreement, the court can revoke my suspension, and impose any sentence on me that might have been imposed originally for the offense for which I was declared guilty." This tracks the language in Ark. Code Ann. § 16-93-308(g)(1(A), and the three- to thirty-year sentencing range was reflected in Malone's plea statement and is the correct sentencing range under the

applicable statute for habitual offenders. Because Malone received a legal sentence and he is instead arguing here about improper notice, this claim is not preserved for review.

Malone's last argument concerns his claim that any sentence imposed should have been reduced by the fifty-three months he already served in prison from the time of his convictions in September 2012 until his release in February 2017. Malone misconstrues the applicable statute and is incorrect.

Arkansas Code Annotated section 16-93-308(g)(1) provides:

> (A) If a court revokes a defendant's suspension of sentence or probation, the court may enter a judgment of conviction and may impose any sentence on the defendant that might have been imposed originally for the offense of which he or she was found guilty.

> (B) However, any sentence to pay a fine or of imprisonment, when combined with any previous fine or imprisonment imposed for the same offense, shall not exceed the limits of § 5-4-201 or § 5-4-401, or if applicable, § 5-4-501.

Here, the relevant sentencing statute is § 5-4-501 because Malone was sentenced as a habitual offender, and as stated, the statutory range was three to thirty years. Prior to the revocation of Malone's probation for the Class C felony committed on July 18, 2011, Malone had not received any imprisonment for *that offense*; he had been placed only on a suspension. Malone did originally receive a thirty-year prison sentence for the *other seven offenses* to which he pleaded no contest, and he spent fifty-three months in prison for *those offenses*. However, it is improper under the statute to reduce Malone's prison time for time served on those other offenses because subdivision (g)(1)(B) plainly provides that any sentence of imprisonment upon revocation, when combined with any previous imprisonment imposed for the *same*

11

*offense*, must not exceed statutory limits for that offense. Malone cites *Walden v. State*, 2014 Ark. 193, 433 S.W.3d 864, but that case is clearly distinguishable. In *Walden*, the appellant's maximum statutory exposure was twenty years in prison for a felony hot-check conviction, and he was sentenced to three years in prison followed by an SIS, which was later revoked, and he was sentenced to three years in prison upon revocation. When his probation was again revoked on the *same offense*, the supreme court held that because Walden had already served a total of six years in prison for *that offense*, the most he could be sentenced to upon revocation was fourteen years. But *Walden* is of no help to Malone because here, Malone had not served any prison time related to the Class C felony for which he was placed on an SIS and that was now being revoked. Therefore, subdivision (g)(1)(B) was not triggered, and the trial court could impose the statutory maximum prison term of thirty years.

Affirmed.

HIXSON and MURPHY, JJ., agree.

*Nobles Law Firm, PLLC*, by: *Ethan C. Nobles*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Jacob Jones*, Ass't Att'y Gen., for appellee.