Cite as 2025 Ark. App. 240

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-24-244

| | |
|---|---|
| CHRISTOPHER LEE PERDUE<br><br>APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered April 23, 2025<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT<br>[NO. 04CR-03-600]<br><br>HONORABLE BRAD KARREN, JUDGE<br><br>AFFIRMED |

## N. MARK KLAPPENBACH, Chief Judge

Christopher Perdue appeals the sentencing order entered by the Benton County Circuit Court upon the revocation of his probation. On appeal, Perdue argues that he received an illegal sentence. We affirm.

In August 2012, Perdue pleaded guilty to theft by receiving, aggravated assault on a family member, first-degree terroristic threatening, and failure to appear, and he was sentenced to six years' probation for each offense.[1] In December 2012, the State filed a petition to revoke Perdue's probation, and a warrant was issued for his arrest for violating his probation. The warrant was not served, however, until January 2020. A revocation hearing was set, but due to continuances and multiple instances in which Perdue failed to

---

[1]Perdue was also sentenced to probation for a second offense of failure to appear, but the revocation that is the subject of this appeal did not include that offense.

appear, the hearing was not held until January 2024. After hearing testimony from Perdue's probation officers, the circuit court revoked Perdue's probation. For the offenses of aggravated assault and terroristic threatening, Perdue was sentenced to six years' imprisonment. For theft by receiving and failure to appear, he was sentenced to six years' imprisonment and four years' suspended imposition of sentence (SIS). The sentencing order reflects that each sentence was ordered to run concurrently with the sentences for all of the other offenses. An additional notation at the end of the sentencing order states that "SIS is to follow ADC."

On appeal, Perdue does not challenge the revocation of his probation; instead, he argues only that his sentence violates Arkansas Code Annotated section 5-4-307 (Repl. 1997). At the time of Perdue's offenses, this statute provided as follows:

(a) Except as provided in subsection (c) of this section, a period of suspension or probation commences to run on the day it is imposed.

(b) Multiple periods of suspension or probation, whether imposed at the same or different times, shall run concurrently. The period of a suspension or probation shall also run concurrently with any federal or state term of imprisonment or parole to which the defendant is or becomes subject during the period.

(c) If the court sentences the defendant to a term of imprisonment and suspends imposition of sentence as to an additional term of imprisonment, the period of the suspension commences to run on the day the defendant is lawfully set at liberty from the imprisonment.

Ark. Code Ann. § 5-4-307. Perdue argues that the circuit court violated the statute by ordering his SIS to follow, or run consecutively to, his six-year term of imprisonment.

2

The State argues that Perdue's interpretation of the statute conflicts with its plain language and the cases interpreting it. We agree. In *Walden v. State*, 2014 Ark. 193, 433 S.W.3d 864, the supreme court reiterated its previous holding that an SIS does not begin to run until after a term of imprisonment ends when both are imposed as a sentence for a single crime. Accordingly, the note in Perdue's sentencing order that "SIS is to follow ADC" accurately reflects the law with regard to Perdue's sentence of six years' imprisonment and four years' SIS for both theft by receiving and failure to appear. The *Walden* court went on to hold that section 5-4-307(b) prohibited a circuit court from ordering a suspended sentence to run consecutively to a term of imprisonment imposed for a different crime. While the statute requires that a period of suspension run concurrently with any term of imprisonment to which a defendant "is or becomes subject to during the period of the suspension," Perdue's period of suspension does not begin until he is lawfully set at liberty from his imprisonment. Accordingly, he would not be subject to a term of imprisonment for aggravated assault and terroristic threatening "during" the term of his SIS for theft by receiving and failure to appear. We hold that his sentence is legal and affirm the sentencing order.

Affirmed.

ABRAMSON and MURPHY, JJ., agree.

*Burgos Law Firm*, by: *Alex R. Burgos*, for appellant.

*Tim Griffin*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.

3