Cite as 2020 Ark. App. 212

# ARKANSAS COURT OF APPEALS
DIVISION II
No. CR-19-801

| | |
|---|---|
| CARL GENE MORGAN<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** April 8, 2020<br><br>APPEAL FROM THE GREENE COUNTY CIRCUIT COURT<br>[NO. 28CR-17-290]<br><br>HONORABLE BRENT DAVIS, JUDGE<br><br>AFFIRMED |

## RITA W. GRUBER, Chief Judge

Appellant Carl Gene Morgan brings this appeal from the revocation of his probation, challenging the sufficiency of the evidence. We affirm the court's decision.

On June 19, 2017, Morgan pleaded guilty to violating Arkansas Code Annotated section 5-36-103(b)(3)(A) (Supp. 2019), theft of property, a class D felony. He was sentenced to forty-eight months' probation. His probation was revoked on November 30, 2017, pursuant to a guilty plea, and the court sentenced him to sixty months' probation. On April 16, 2019, the State filed a petition to revoke alleging that Morgan violated the terms and conditions of his probation by committing the misdemeanor offense of public intoxication; testing positive for methamphetamine; and failing to pay fines, fees, and costs.

The Greene County Circuit Court held a bench trial on June 27, 2019. Tammy Case, the circuit clerk secretary for the Greene County Sheriff's Department, testified that she collected the filing fees and fines. She explained that Morgan had made only one

payment, in September 2018, since his fines and fees were imposed in June 2017. She said he had made no payments since the payment in September 2018.

Morgan's probation officer, Andrew Spillman, testified that Morgan had failed to pay supervision fees on at least five occasions. He also stated that Morgan had tested positive for methamphetamine on October 1, 2018, and on February 19, 2019. Finally, Mr. Spillman testified that appellant was charged with public intoxication on April 4, 2019. The arresting officer also testified, confirming that he had arrested Morgan for public intoxication.

The circuit court revoked his probation, finding that the State had proved all the allegations contained in the petition for revocation, and sentenced Morgan to forty-eight months' imprisonment.

Pursuant to Arkansas Code Annotated section 16-93-308(d) (Repl. 2017), a circuit court may revoke a defendant's probation at any time prior to the expiration of the period of probation if it finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of the probation. *Springs v. State*, 2017 Ark. App. 364, at 3, 525 S.W.3d 490, 492. The State's burden of proof in a revocation proceeding is less than is required to convict in a criminal trial, and evidence that is insufficient for a conviction may be sufficient for a revocation. *Vangilder v. State*, 2018 Ark. App. 385, at 3, 555 S.W.3d 413, 415. When the sufficiency of the evidence is challenged on appeal from an order of revocation, the circuit court's decision will not be reversed unless its findings are clearly against the preponderance of the evidence. *McClain v. State*, 2016 Ark. App. 205, at 3, 489 S.W.3d 179, 181.

On appeal, Morgan challenges the sufficiency of the evidence to support the revocation. He first argues that the State failed to introduce the terms and conditions of his probation and that it was unclear whether the circuit court was aware of them. This issue is not preserved for our review because Morgan failed to raise this argument at trial. While an appellant may challenge the sufficiency of the evidence for the first time on appeal in a revocation case without having moved for a directed verdict, *Cotta v. State*, 2013 Ark. App. 117, at 3, we will not address a procedural challenge unless it was adequately preserved below. *Costes*, 103 Ark. App. at 175, 287 S.W.3d at 643. "[A]n argument that the State failed to introduce a copy of the terms and conditions of a [probation] is a procedural objection that must be raised before the circuit court." *Myers v. State*, 2014 Ark. App 720, at 3, 451 S.W.3d 588, 590. An appellant cannot raise this procedural argument for the first time on appeal when, at the revocation hearing, he did not object to the State's failure to introduce the terms and conditions of his probation. *Vangilder*, 2018 Ark. App. 385, at 4, 555 S.W.3d at 416.

Morgan also challenges the sufficiency of the evidence supporting the revocation for failure to pay, contending that while there was testimony that he had failed to make payments of fines and fees, the State did not show that there had been a willful failure to pay. Regarding the additional grounds on which his revocation was based, Morgan admits that the testimony was clear that he had "been arrested on a new charge and had admitted to the usage of methamphetamine on two occasions," but he notes that his probation officer testified that Morgan had not absconded and had continued to report. The State did not

allege failure to report, nor did the circuit court base its revocation on a finding of Morgan's failure to report, so this information is not relevant to appellant's revocation.

We turn to the relevant law. The State need only prove one violation of probation to sustain a revocation. *Costes*, 103 Ark. App. at 173, 287 S.W.3d at 641. Moreover, when the circuit court bases its decision on alternate, independent grounds, as it did here, and the appellant challenges only one of those grounds, we will affirm without addressing the merits of either. *Bedford v. State*, 2014 Ark. App. 239, at 2. Here, the court found that the State had proved all the allegations set forth in the petition. Morgan has challenged only the ground of his failure to pay fines, arguing that the State did not prove his failure was willful. Thus, because Morgan does not challenge the court's finding that he violated his conditions by using methamphetamine or by being arrested for public intoxication, we must affirm.

Affirmed.

HARRISON and WHITEAKER, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Y. Yarbrough*, Ass't Att'y Gen., for appellee.

4