Cite as 2021 Ark. App. 413

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR-21-119

|  |  |
|---|---|
| | **Opinion Delivered** October 27, 2021 |
| L.C. KENNEDY, JR.<br>APPELLANT | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT<br>[NOS. 16JCR-05-528; 16JCR-06-1204; 16JCR-07-673] |
| V. | |
| | HONORABLE RANDY F. PHILHOURS, JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | AFFIRMED AS MODIFIED |

## KENNETH S. HIXSON, Judge

This is a probation-revocation case. Appellant L.C. Kennedy appeals from an order that revoked his three probations and sentenced him to two years' imprisonment followed by a four-year suspended imposition of sentence (SIS). On appeal, Kennedy argues that the trial court erred when it sentenced him without first finding him guilty of violating a condition of his probation. We reject Kennedy's argument, and we affirm as modified.

On November 28, 2006, Kennedy pleaded guilty to two violations of the Arkansas Hot Check Law (hot-check law) and was placed on five years' probation in case Nos. 16JCR-05-528 and 16JCR-06-1204. On June 20, 2007, the State filed a petition to revoke Kennedy's probations, alleging that he had violated his conditions of probation by committing additional violations of the hot-check law and also by failing to pay court-ordered court costs and restitution.

After a long string of continuances and failures to appear, Kennedy pleaded guilty to violating his probations in case Nos. 16JCR–05–528 and 16JCR–06–1204 on December 12, 2016. On the same day, Kennedy also pleaded guilty to committing a new hot-check violation in case No. 16JCR–07–673. Pursuant to Kennedy's guilty plea, the trial court entered a judgment on December 2, 2016, placing Kennedy on five years' probation for each of these three offenses.[1]

On December 2, 2016, Kennedy was provided a copy of his written conditions of probation. These conditions prohibited him from committing any offense punishable by imprisonment; required him to report as directed to his probation officer; required him to notify his probation officer of any change of address; required him to pay a $35 monthly supervision fee; and required him to pay $10,649.63 in court costs and restitution in $125 monthly installments.

On May 30, 2017, the State filed a motion to revoke all three of Kennedy's probations. The State alleged that Kennedy had violated his probations by again violating the hot-check law; failing to report to his probation officer; failing to notify his probation officer of a change of address; failing to pay supervision fees; and failing to pay court costs and restitution.

---

[1]Although Kennedy's probations in case Nos. 16JCR–05–528 and 16JCR–06–1204 were revoked after the expiration of the five-year probationary period, these revocations were authorized because Kennedy was arrested for the violations before the probation expired. Arkansas Code Annotated section 16-93-308(f)(1) (Repl. 2016) provides that a court may revoke a probation subsequent to the expiration of the period of probation if, before expiration of the period, the defendant is arrested for a violation of his probation (formerly codified at Ark. Code Ann. § 5-4-309(e)(1) (Repl. 2005)).

A revocation hearing commenced on March 15, 2019. Amanda Marsh, Kennedy's probation officer, testified at the hearing. Ms. Marsh stated that Kennedy was supposed to report to her on January 6, 2017, but that he failed to report. Ms. Marsh tried to contact Kennedy by phone but was unsuccessful and left a message. Ms. Marsh then tried to visit Kennedy at the address he had provided but was notified by the resident that Kennedy did not live there. Ms. Marsh stated that she had not seen Kennedy since December 2, 2016, which was the day he was placed on probation. Ms. Marsh also testified that since that date Kennedy had made no payments toward his court costs or restitution.

In addition to the above violations, the State also alleged at the hearing that Kennedy had written more hot checks after being placed on probation. The State sought to introduce numerous copies of these hot checks, but the trial court sustained Kennedy's objection to their introduction. These checks were marked "proffered" and are included in the record.

Kennedy testified on his own behalf. Kennedy claimed that, shortly after being placed on probation in December 2016, he was jailed in another county for failure to pay fines and remained there for six months. Kennedy stated that he was no longer in jail, was employed, and was now able to make payments. Kennedy also stated that he had made several restitution payments, and that he had some receipts but had neglected to bring them to the revocation hearing. Kennedy asked the trial court to leave the record open so he could produce the receipts. The trial court stated, "I'm happy to do that," and continued the hearing to a later date.

The revocation hearing recommenced on April 23, 2019. At that hearing, Kennedy produced some receipts purporting to show various payments.[2]

After Kennedy testified at the April 23, 2019 hearing, the following exchange occurred. The prosecutor stated, "Your honor found that he's violated the terms and conditions of his probation." The trial court replied, "Yeah." The prosecutor then identified the "particulars of not reporting" and "failing to pay outstanding fines, costs, and restitution." The trial court replied, "Yeah." The prosecutor then asked to move on to sentencing. The trial court stated:

> *I find you guilty of violating the conditions of your probation . . . .* I'm going to postpone sentencing, and that's going to give you . . . seven or eight months depending on when my last scheduled day is in this county to do or not do what you need to be doing. . . . And I'm going to tell you, you write another hot check I'm going to send you to the penitentiary. . . . Keep your job. Make your payments. We'll be good.

(Emphasis added.) The trial court then recessed, after reiterating, "That's going to be the order and judgment of the court."

The sentencing hearing commenced on July 2, 2020. At that hearing, the prosecutor stated to Kennedy: "The court found that you had violated the terms and conditions of your probation, but the court withheld sentencing on that date to give you an opportunity to start making restitution payments. Do you recall that?" Kennedy replied, "Yes, sir." The prosecutor stated, "We're here for a sentencing hearing to determine whether you are entitled to additional time or should the court go ahead and impose the sentence for having previously found you guilty of violating probation." The trial court stated, "All right."

---

[2]It is unclear from the record whether these receipts reflected payments made before or after December 12, 2016, when Kennedy was most recently placed on probation.

4

The July 2, 2020, sentencing hearing proceeded with Kennedy giving testimony about his efforts to make payments toward court costs and restitution. Kennedy acknowledged that between the previous April 23, 2019 hearing and the present hearing he had made no payments, although his family had recently made one $700 payment on his behalf. Kennedy blamed his failure to pay on being out of work, stating that he had been trying to find a job.

After Kennedy testified at the July 2, 2020 hearing, the prosecutor asked that Kennedy be sentenced to three years in prison followed by a three-year SIS. Kennedy's counsel asked that Kennedy's probation be extended. The trial court stated, "*He's been found to have violated his probation* or SIS, whichever it is. We're ready for sentencing." (Emphasis added.) The trial court continued the sentencing hearing until October 29, 2020, stating, "You will be sentenced that day come head [sic] or high water." Kennedy replied, "Yes, sir."

The sentencing hearing recommenced on October 29, 2020. At that hearing, Kennedy stated that he had made one additional payment of $680 on the day of the hearing, that he had obtained employment a week earlier, and that he was also attending counseling. Kennedy claimed that he could start making payments monthly, and the prosecutor countered that "he is not going to pay per month as he agreed" and that "he only makes good on that when he is about to come before your honor." The trial court announced from the bench:

> I'm ready to rule on it. *On each of your revocations*, Mr. Kennedy, you are sentenced to twenty-four months in a regional punishment facility. Those will run concurrently. Six years SIS on each of those.

5

(Emphasis added.) The prosecutor then suggested that the SIS be reduced to four years, and the trial court agreed. Kennedy protested, stating that he had been saving money to make the $680 payment and had recently found a job. The trial court refused to change its ruling, stating, "I note that your work was last minute, your counseling you entered was virtually last minute, and your payment was virtually last minute. . . . You're not going to talk me out of this, Mr. Kennedy."

On October 29, 2020, the trial court entered a judgment stating that Kennedy was charged with violating his probation in all three cases. In the judgment, the trial court checked the box specifying that "[d]*efendant is found guilty of said charges* by the court as trier of fact." (Emphasis added.) In the judgment, the trial court sentenced Kennedy to two years' imprisonment in the regional correctional facility followed by a four-year SIS with respect to each of the three probation revocations.

In this appeal, Kennedy argues that the October 29, 2020 judgment should be reversed. Kennedy does not argue that the evidence was insufficient to support a finding that he violated the conditions of his probation. Kennedy, instead, claims that the trial court erred in sentencing him without first finding a probation violation. Kennedy's claim is meritless.

Arkansas Code Annotated section 16-93-308(d) (Supp. 2021) provides that a court may revoke a probation if the court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his probation. It is the State's burden to prove a violation. *Yarberry v. State*, 2021 Ark. App. 265. Kennedy asserts that at no point during any of the hearings did the trial court make a finding that Kennedy had

6

willfully violated his probation or that his probation was being revoked. Kennedy contends that the trial court proceeded to sentencing before making any finding of guilt, which effectively relieved the State of the burden of proof and denied Kennedy due process.

Contrary to Kennedy's argument, the record clearly demonstrates that the trial court found him guilty of violating the conditions of his probation. At the April 23, 2019 hearing, the prosecutor addressed the trial court and stated that the trial court had found that Kennedy violated the conditions of his probation by not reporting to his probation officer and failing to pay court costs and restitution. The trial court replied, "Yeah," confirming that it had found such violations. Later in that hearing, the trial court stated to Kennedy, "I find you guilty of violating the conditions of your probation." There was no confusion on Kenny's part as to the trial court's ruling; Kennedy replied, "Yes, sir." The trial court postponed sentencing to a later date but reiterated, "That's going to be the order and judgment of the court."

When the sentencing hearing commenced on July 2, 2020, the prosecutor reminded Kennedy of the trial court's finding that he had violated the terms and conditions of his probation, and Kennedy replied, "Yes, sir." Kennedy then proceeded to testify that, during the fourteen months between the last hearing and the sentencing hearing, he had made no payments toward his court costs or restitution but that his family had recently made a single payment of $700 on his behalf. The trial court again confirmed, "He's been found to have violated his probation or SIS, whichever it is," and continued the sentencing hearing until October 29, 2020. And at that sentencing hearing, the trial court ruled, "On each of your

7

revocations, Mr. Kennedy, you are sentenced to twenty-four months in a regional punishment facility" as well as an additional SIS.

Finally, the trial court's October 29, 2020 written judgment makes it clear that the trial court found that Kennedy had violated his conditions of probation. The judgment states that Kennedy was charged with violating his probation in all three cases and that "[d]efendant is found guilty of said charges by the court as trier of fact." The written judgment goes on to sentence Kennedy to two years' imprisonment followed by a four-year SIS as a consequence of Kennedy violating his probation. From the record it is clear that, based on the evidence presented at the hearings, the trial court found that Kennedy violated the conditions of his probation and revoked Kennedy's probation. Therefore, contrary to Kennedy's argument, the trial court was within its authority to sentence Kennedy for the probation revocations.[3]

Finally, Kennedy also makes a brief argument that his revocations should be reversed because there was no compliance with Ark. Code Ann. § 16-93-307(b)(5) (Repl. 2016), which provides, "If suspension or probation is revoked, the court shall prepare and furnish to the defendant a written statement of the evidence relied on and the reasons for revoking suspension or probation." However, this argument was not raised below and is therefore not preserved for review. There is a longstanding precedent from both this court and the

---

[3]Kennedy mischaracterizes the trial court's sentence as an "illegal modification" of the previous sentence where he was placed on five years' probation. This was not a modification; rather, it was a new sentence imposed upon revocation of the previously imposed probations.

supreme court that a party must raise this issue at the trial court level to preserve the issue for appeal. *Lane v. State*, 2015 Ark. App. 672.

Although we affirm the revocation of Kennedy's probations, we must modify an illegal portion of Kennedy's sentence. We may address an illegal sentence sua sponte, *Muhammed v. State*, 2021 Ark. 129, 624 S.W.3d 300, and when an error has nothing to do with the issue of guilt or innocence and relates only to punishment, it may be corrected in lieu of reversing and remanding. *Bangs v. State*, 310 Ark. 235, 835 S.W.2d 294 (1992).

In the trial court's judgment, it sentenced Kennedy to two years in prison followed by a four-year SIS, which is authorized by statute. *See* Ark. Code Ann. § 5-4-104(e)(3)(A) (Supp. 2021). However, the trial court also included a provision that Kennedy report to a supervising officer as a condition of his suspension. The distinction between probation and a suspension is that probation is subject to supervision by an officer, and a suspension is not. *See* Ark. Code Ann. § 5-4-101(3) & (7) (Supp. 2021); *Bangs*, *supra*. Moreover, Ark. Code Ann. § 5-4-104(e)(3)(B) prohibits a trial court from sentencing a defendant to imprisonment and placing him on probation, absent an exception not applicable here. Probation is prohibited from following imprisonment because supervision by both the court and the Board of Pardons and Paroles is a needless duplication of effort conducive to jurisdictional disputes. *See Bangs*. Therefore, we affirm the revocation of Kennedy's probations and the resulting sentence with the modification that Kennedy is not required to report to a probation officer as a condition of his suspensions. *Id.*; *see also Harness v. State*, 352 Ark. 335, 101 S.W.3d 235 (2003).

9

Affirmed as modified.

WHITEAKER and BROWN, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.