Cite as 2022 Ark. App. 404

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CR-22-68

| | |
|---|---|
| LARRY MATNEY<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered October 19, 2022<br><br>APPEAL FROM THE POINSETT COUNTY CIRCUIT COURT [NO. 56CR-18-320]<br><br>HONORABLE CINDY THYER, JUDGE<br><br>AFFIRMED |

## BART F. VIRDEN, Judge

The Poinsett County Circuit Court revoked the probation of appellant Larry Matney after finding that he had violated the terms and conditions of his probation. He was sentenced to six years' imprisonment. Matney argues on appeal that the trial court erred in revoking his probation because the State failed to prove that he committed fourth-degree sexual assault. We affirm.

### I. *Background*

In November 2019, Matney pleaded guilty to first-degree criminal mischief and was placed on probation for a period of five years. One of the conditions of his probation was that he must "obey all federal and state laws." On February 5, 2021, the State filed a petition to revoke and later amended the petition to allege, among other violations, that Matney had committed two counts of fourth-degree sexual assault on February 3, 2021.

At a revocation hearing, the two victims testified to the following summary of events. The girls, who were both fourteen years old, had a sleepover at the home of Minor Child 1's father on February 3. In the early morning hours, Minor Child 1's cousin, Matney, came into the bedroom where the girls were sleeping to ask whether either of them had a cell phone. Both girls told Matney that they did not. Instead of leaving, Matney lay on the bed with them. Minor Child 1 testified that Matney rubbed her "bottom" and tried to touch her vagina and that she got up and went into the bathroom. Minor Child 2 testified that Matney then rubbed her "bottom" and touched her breast and that she got up and joined Minor Child 1 in the bathroom. Once the girls returned to the bedroom, Matney asked them whether they were virgins and whether they wanted to have sex with him. Both declined, and Matney eventually left.

## II. *Standard of Review*

Pursuant to Ark. Code Ann. § 16-93-308(d) (Supp. 2021), a trial court may revoke a defendant's probation at any time prior to the expiration of the period of probation if it finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of the probation. The State's burden of proof in a revocation proceeding is less than is required to convict in a criminal trial, and evidence that is insufficient for a conviction may be sufficient for a revocation. *Morgan v. State*, 2020 Ark. App. 212, 599 S.W.3d 665. When the sufficiency of the evidence is challenged on appeal from an order of revocation, the trial court's decision will not be reversed unless its findings are clearly against the preponderance of the evidence. *Id.* This court defers to the superior position of the trial

2

court on determinations of credibility and weight to be given to the testimony. *Gilbreth v. State*, 2020 Ark. App. 86, 596 S.W.3d 29.

## III.  *Discussion*

Matney argues that there was no evidence that he committed fourth-degree sexual assault. Arkansas Code Annotated section 5-14-127(a)(1)(B) (Supp. 2021) provides that a person commits sexual assault in the fourth degree if the person, being twenty years of age or older, engages in sexual contact with another person who is less than sixteen years of age and not the person's spouse. "Sexual contact" means an act of sexual gratification involving the touching, directly or through clothing, of the sex organs, buttocks, or anus of a person or the breast of a female. Ark. Code Ann. § 5-14-101(12)(A) (Supp. 2021).

On appeal, Matney does not specify any element of the offense that was not proved by the State's evidence; rather, he generally argues that there was no discussion, argument, or evidence presented on the elements. According to Matney, the State effectively ignored the elements by not identifying them for the trial court and addressing each one.

Although the State did not inform the trial court of the specific elements to prove sexual assault in the fourth degree, this court has held that the trial court is presumed to know and follow the law. *Clinkscale v. State*, 2018 Ark. App. 273, 550 S.W.3d 49. The trial court was presented with sufficient evidence to find that Matney violated a condition of his probation by committing fourth-degree sexual assault. The record shows that Matney's birthday is August 14, 1977, meaning that he was over the age of twenty on February 3, 2021. *Mathis v. State*, 2021 Ark. App. 49, 616 S.W.3d 274 (recognizing that a court may take

judicial notice of its own record in the same case file). Moreover, both victims testified at the hearing that they were fourteen years old on February 3. Minor Child 1 testified that Matney is her cousin and that he rubbed her buttocks. Minor Child 2 testified that she first met Matney on February 3 when he rubbed her buttocks and touched her breast. The circumstances indicate that neither minor could be Matney's spouse, and the trial court expressly found both victims credible with respect to Matney's actions. We cannot say that the trial court's decision to revoke Matney's probation was clearly against the preponderance of the evidence.

Further, Matney cites Ark. Code Ann. § 5-4-303(a) (Supp. 2021), which provides that, if a court places a defendant on probation, the court shall attach such conditions as are reasonably necessary to assist the defendant in leading a law-abiding life. Moreover, Matney points to section 5-4-303(e)(2), which provides that the trial court *shall* give the defendant a written statement explicitly setting forth the conditions under which he is being released. Matney also relies on *Ross v. State*, 268 Ark. 189, 594 S.W.2d 852 (1980), for the proposition that courts have no power to imply and subsequently revoke on conditions that were not expressly communicated in writing.

Matney appears to be arguing that the terms and conditions of his probation did not specifically advise him in writing that he may not commit fourth-degree sexual assault or that he may not have sexual contact with minors who are not his spouse. The suggestion is that the condition that he must "obey all federal and state laws" was insufficient to put him on notice of what behavior is prohibited. Matney, however, signed the terms and conditions of

his probation indicating that he understood what was required. *Geeslin v. State*, 2017 Ark. App. 571, 533 S.W.3d 132. Moreover, we have no hesitation in holding that the condition that Matney must "obey all federal and state laws" was sufficiently clear to inform him that he must not commit another criminal offense.

Affirmed.

KLAPPENBACH and WHITEAKER, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.