Cite as 2024 Ark. App. 19

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-23-295

| | | |
|---|---|---|
| KIMBERLIE TILLEY | | Opinion Delivered January 17, 2024 |
| | APPELLANT | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT |
| V. | | [NO. 16JCR-21-982] |
| STATE OF ARKANSAS | | HONORABLE CHRIS THYER, |
| | APPELLEE | JUDGE |
| | | AFFIRMED |

**N. MARK KLAPPENBACH, Judge**

Kimberlie Tilley appeals the order of the Craighead County Circuit Court revoking her probation and sentencing her to ten years' imprisonment.  Tilley argues that there was insufficient evidence to revoke her probation.  We disagree and affirm the revocation.

In October 2021, Tilley was placed on six years' probation after pleading guilty to second-degree forgery.  The State filed a petition to revoke in July 2022, alleging that Tilley had committed the new offenses of possession of a controlled substance (methamphetamine) and possession of drug paraphernalia.  In September 2022, the State filed a supplemental petition for revocation alleging that Tilley had again been arrested on new charges of possession of a controlled substance (methamphetamine), possession of drug paraphernalia, and tampering with physical evidence.

At the revocation hearing, the State presented the testimony of two police officers. Officer Michael Starnes testified that he arrested Tilley in June 2022 for possession of a controlled substance and possession of drug paraphernalia after a search of her camper revealed suspected methamphetamine, glass pipes containing a white residue, and another pipe Tilley said was used for marijuana. The methamphetamine was found in a black bag, which also contained Tilley's wallet and identification card. Officer Lane Cohn testified that he arrested Tilley in August 2022 following a traffic stop in which she was a passenger in the car that he had stopped. Both Tilley and the driver were arrested for possession of drug paraphernalia after Cohn found two scales in the car. After transporting Tilley to the jail, officers determined that she needed to go to the hospital because she had hit her head on the way to the jail, and officers suspected that she had lodged a cellophane bag of methamphetamine in her vagina. Tilley subsequently told Cohn that she had swallowed two "eight balls" of methamphetamine. Cohn said that hospital staff initially did not find any methamphetamine when searching Tilley, but when they later moved her off the hospital bed, a bag of methamphetamine fell out of the bed.

Tilley testified and denied possession of any of the drugs. The circuit court found that Tilley's testimony was not credible and found by a preponderance of the evidence that she had violated the terms and conditions of her probation. The court specifically cited the evidence regarding the marijuana pipe found in Tilley's camper and the bag of methamphetamine found in her hospital bed.

2

A circuit court may revoke a defendant's probation at any time prior to the expiration of the period of probation if it finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of the probation. *Morgan v. State*, 2020 Ark. App. 212, 599 S.W.3d 665. The State's burden of proof in a revocation proceeding is less than is required to convict in a criminal trial, and evidence that is insufficient for a conviction may be sufficient for a revocation. *Id.* When the sufficiency of the evidence is challenged on appeal from an order of revocation, the circuit court's decision will not be reversed unless its findings are clearly against the preponderance of the evidence. *Id.* The State need only prove one violation of probation to sustain a revocation. *Id.*

Regarding her first arrest, Tilley argues that there was sufficient doubt that she possessed the contraband based on her testimony that the bag containing the drugs did not belong to her and her suspicion that a man staying in the camper had stolen her identification. Regarding her second arrest, Tilley points only to her testimony that she had lied about swallowing methamphetamine to persuade officers to take her to the hospital after she had hit her head. Tilley makes no specific argument regarding the methamphetamine found in her hospital bed. When the circuit court bases its decision on alternate, independent grounds, as it did here, and the appellant challenges only one of those grounds, we will affirm without addressing the merits of either. *Id.* Because Tilley does not challenge the court's finding that she violated her probation by possessing methamphetamine at the hospital, we affirm.

Affirmed.

VIRDEN and WOOD, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Walker K. Hawkins*, Ass't Att'y Gen., for appellee.