Cite as 2024 Ark. App. 277

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CR-23-496

OWEN DELANCE WATSON

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

Opinion Delivered April 24, 2024

APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT
[NO. 18CR-19-1291]

HONORABLE RANDY F. PHILHOURS, JUDGE

AFFIRMED; REMANDED TO CORRECT SENTENCING ORDERS

**WENDY SCHOLTENS WOOD, Judge**

On December 22, 2020, Owen Watson entered a negotiated guilty plea to first-degree domestic battery (Class B felony) and first-degree terroristic threatening (Class D felony) and was sentenced by the Crittenden County Circuit Court to 120 months' suspended imposition of sentence (SIS) for each offense. The State filed a petition to revoke the suspended sentences. Following a revocation hearing, the circuit court entered a February 28, 2023 order revoking Watson's SIS for first-degree domestic battery and sentencing him to twenty years in prison for first-degree domestic battery. After learning at the revocation hearing that the SIS initially imposed on the terroristic-threatening charge at the time of the guilty plea exceeded the maximum statutory range, the circuit court did not revoke his SIS for terroristic threatening but, instead, marked the sentencing order as "acquitted." On appeal, Watson argues that (1) the terroristic-threatening SIS following his guilty plea is

illegal and should be modified or dismissed and (2) the revocation of his domestic-battery SIS should be reversed. We affirm the revocation of Watson's SIS for first-degree domestic battery and remand the case to the circuit court to correct the illegal sentence for terroristic threatening following Watson's guilty plea.

In conjunction with his December 2020 guilty plea, Watson signed "conditions of probation," which included that he obey all federal, state, and local laws. Watson acknowledged in his written guilty-plea statement that he was informed that first-degree domestic battery was punishable by imprisonment of not less than five years but not more than twenty years and that terroristic threatening was punishable by imprisonment not to exceed six years. At the guilty-plea hearing, the circuit court informed Watson of the ranges consistent with his acknowledgement. However, when the court pronounced the sentence, it stated that the State recommended 120 months' SIS for each offense, which was also consistent with the State's written plea and sentence recommendation. The December 22, 2020 sentencing order reflected that Watson entered a negotiated plea and was sentenced to 120 months' SIS for each offense.

On May 6, 2022, the State charged Watson with rape and second-degree sexual assault and sought a habitual-offender enhancement. On May 10, the State filed a petition to revoke Watson's SIS for both terroristic threatening and first-degree domestic battery. The alleged violations included that Watson failed to pay fines, costs, and fees as directed; failed to live a law-abiding life; and on or before April 21, 2022, he repeatedly raped and sexually assaulted a minor child, who was less than thirteen years of age, impregnating her. The underlying

charges and the revocation petition were tried simultaneously over several days in February 2023. The circuit court granted a mistrial on the underlying charges but proceeded with the revocation.

Because Watson does not challenge the sufficiency of the evidence supporting the revocation, only a brief summary of the testimony is necessary. Monica Bell testified that in April 2022, she learned that her niece, the minor victim (MV), was pregnant. Bell alerted the authorities, and an investigation ensued.

MV, who was fourteen years old at the time of trial, testified that she lived with her mother and Watson through April 2022. MV said that Watson touched her in "sexual ways" on numerous occasions at their home. She explained that she was ten years old when Watson began to abuse her. MV said that Watson touched her breast, penetrated her digitally, attempted to insert his penis inside her vagina, and put his penis in her mouth. MV stated that when she was thirteen, Watson succeeded in penetrating her vagina with his penis. MV learned she was pregnant in April 2022. DNA testing revealed a 99.99 percent probability that Watson is the father of MV's child.

At the conclusion of the revocation hearing, Watson argued that it was unclear whether he had been placed on supervised probation or SIS. In addition, he contended that he was never told "in writing what the consequences of his failure to abide by the terms of his suspended sentence were." When the court stated that it had a copy of the conditions that were signed by Watson, counsel argued that there were blank spaces for the "consequences"—specifically, the potential sentence and fines that could be imposed upon

revocation. The State responded that in the guilty-plea statement, Watson acknowledged that he could be sentenced to five to twenty years for the domestic-battery charge and up to six years for the terroristic-threatening charge. The circuit court ultimately found that Watson signed the conditions, which included the condition that he live a law-abiding life, because the conditions required him to obey all state and federal laws, local ordinances, and court orders.

Regarding the terroristic-threatening offense, the circuit court noticed that Watson was originally sentenced to 120 months' SIS for the terroristic-threatening offense, which exceeded the six-year maximum sentence allowed for a Class D felony. *See* Ark. Code Ann. § 5-4-401(a)(5) (Repl. 2013). The court stated that it could not consider "Terroristic Threatening, it is a void sentence because it grossly exceeds the punishment level for what [Watson] was charged and what he pled to." However, the circuit court revoked Watson's SIS for the domestic-battery charge, noting that the burden of proof in a revocation proceeding is a preponderance of the evidence and finding MV's testimony "compelling." The circuit court believed MV and found that her testimony, alone, was enough to find that Watson had violated the conditions of his SIS. Pursuant to the sentencing order, Watson was sentenced to twenty years in prison for the domestic-battery offense, and the terroristic-threatening offense was marked "acquitted." This appeal followed.

For his first point on appeal, Watson argues that the terroristic-threatening sentence is illegal and should be modified.[1] He cites *Kennedy v. State*, 2021 Ark. App. 413, 635 S.W.3d 524, in support of his argument. *Kennedy* is a revocation case in which the circuit court sentenced Kennedy to two years in prison followed by a four-year SIS on each revocation. *Id.* at 9, 635 S.W.3d at 528–29. The circuit court, however, also included a provision that Kennedy report to a supervising officer as a condition of his suspension, which is not allowed under an SIS as opposed to probation. *Id.*, 635 SW.3d at 528–29 (citing Ark. Code Ann. § 5-4-101(3) & (7); *Bangs v. State*, 310 Ark. 235, 835 S.W.2d 294 (1992)). On appeal, we affirmed the revocation and the resulting sentence with the modification that Kennedy was not required to report to a probation officer as a condition of his SIS. *Id.* at 9–10, 635 S.W.3d at 529.

*Kennedy* is distinguishable because the illegal part of the sentence required only the removal of an illegal condition. In Watson's case, other than the sentencing range for a Class D felony, the record does not show what sentence the circuit court would have imposed. Therefore, we reject Watson's request to modify the illegal sentence.

Watson also argues that the terroristic-threatening conviction should be declared void and dismissed because the revocation sentencing order is marked "acquitted."[2] However,

---

[1]The State concedes that the sentence is illegal.

[2]In the conclusion paragraph under this argument, Watson asks this court to modify his conviction to correct the original sentence he received for terroristic threatening "or dismiss the count as the circuit court may have been trying to do because an illegal sentence was imposed when [he] pled guilty."

Watson acknowledges in his brief that it was unclear what the circuit court was trying to do, and he offers no convincing argument or any legal authority to support dismissal of this conviction; therefore, we do not reach the merits of this argument. *Rawlins v. State*, 2024 Ark. App. 83, at 6, 684 S.W.3d 602, 607 ("Where a party presents no convincing argument nor cites any supporting legal authority, this court will not reach the merits of that point on appeal.").

The circuit court has the power to correct an illegal sentence at any time. *See* Ark. Code Ann. § 16-90-111 (Repl. 2016); *Harmon v. State*, 2023 Ark. 120, at 2–3, 673 S.W.3d 797, 799. If an original sentence is illegal, even though it has been partially executed, the court may correct it. *State v. Webb*, 373 Ark. 65, 71, 281 S.W.3d 273, 277 (2008). The remedy for an illegal sentence is not dismissal of the proceedings. *Limbocker v. State*, 2016 Ark. 415, at 3, 504 S.W.3d 592, 593 (stating that "the remedy for an illegal sentence is not dismissal of the proceedings. . . . [W]e will not dismiss [appellant's] revocation proceedings simply because the sentencing order was facially invalid. The proper remedy is to amend, which the court did here."); *see also Miller v. State*, 2022 Ark. App. 352, at 5 ("The remedy for an illegal sentence is not dismissal of all the proceedings, which would allow the appellant to benefit from the failure to correct the sentence in the first place."). Therefore, we remand to the circuit court to correct the sentence Watson received following his guilty plea for terroristic threatening.[3]

---

[3]We note that Watson, in his reply brief, cites the dissent in *Limbocker* suggesting that because the revocation of his SIS was based on new criminal charges that accrued during a

For his second point on appeal, Watson argues that the revocation of his SIS for first-degree domestic battery must be reversed or modified because (1) he did not receive the written conditions of his SIS and did not know he was required to live a law-abiding life or the consequences of failing to comply with that condition and (2) he was sentenced to probation and SIS, which is not legal.

Pursuant to Arkansas Code Annotated section 5-4-303(a) (Supp. 2023), if a court suspends imposition of sentence on a defendant or places him or her on probation, the court shall attach such conditions as are reasonably necessary to assist the defendant in leading a law-abiding life. Further, Arkansas Code Annotated section 5-4-303(e)(2) provides that the court shall give the defendant a written statement explicitly setting forth the conditions under which he or she is being released. All conditions for a suspended sentence or probation, including any requirement of good behavior, must be in writing if the suspended sentence or probation is to be revocable. *Ross v. State*, 268 Ark. 189, 191, 594 S.W.2d 852, 853 (1980). The reason for the statutory requirement to give a defendant the conditions in writing is to avoid any misunderstanding, and this comports with due process. *Ball v. State*, 2021 Ark. App. 209, at 4, 624 S.W.3d 111, 113. Courts have no power to imply and subsequently revoke conditions that were not expressly communicated in writing to a

---

period that his sentence was illegal, the circuit court lacked authority to revoke it. Here, the circuit court did not revoke Watson's sentence for terroristic threatening but rather revoked his SIS for the domestic-battery offense, which is a legal sentence. Moreover, pursuant to *Limbocker*, the circuit court could have corrected the sentencing error and then revoked the sentence as amended, but it did not do so.

7

defendant as a condition of the suspended sentence or probation. *Blankenship v. State*, 2014 Ark. App. 104, at 4 (quoting *Wade v. State*, 64 Ark. App. 108, 983 S.W.2d 147 (1998)). Whether there is proof that a probationer received written conditions of probation is a procedural matter and not one of sufficiency of the evidence because the purpose is to prevent confusion on the probationer's part. *Costes v. State*, 103 Ark. App. 171, 175, 287 S.W.3d 639, 643 (2008). When a defendant signs the conditions of his probation that provide he must "obey all federal and state law," that language is sufficient to put the defendant on notice of what behavior is prohibited and will support a circuit court's finding that the defendant understood what was required. *Matney v. State*, 2022 Ark. App. 404, at 4–5, 654 S.W.3d 688, 690.

At the conclusion of the revocation hearing, Watson argued he was never told "in writing what the consequences of his failure to abide by the terms of his suspended sentence were." He cited *Trudo v. State*, 2023 Ark. App. 78, 660 S.W.3d 631, and argued that the revocation of probation cannot proceed if the defendant has not been informed in writing of the conditions of probation. He reiterates these arguments on appeal. They have no merit.

Watson signed the conditions acknowledging that if he violated any of them, the court could impose a sentence in the Arkansas Department of Correction. He also signed a guilty-plea statement acknowledging the proper sentencing ranges for the offenses of first-degree domestic battery and first-degree terroristic threatening. Finally, the conditions that Watson signed specifically provide: "You must obey all federal and state laws, local ordinances, and court orders." This is sufficient evidence to support the circuit court's

8

finding that Watson knew of the condition that he live a law-abiding life, consistent with *Matney*, *supra*, and of the consequences of failing to comply with this condition.

Watson's signature on the conditions distinguishes his case from *Trudo*, *supra*, in which this court reversed the revocation of Trudo's probation, holding that the circuit court was without power to revoke probation on a condition that was not expressly given to her. *Id.* at 6, 660 S.W.3d at 635. In *Trudo*, the condition to live a law-abiding life was not contained in the order of probation, and there was no other proof that Trudo received the condition in writing. *Id.* at 6–7, 660 S.W.3d at 635.

Watson also argues that the domestic-battery revocation must be reversed or modified because it was not clear whether he was sentenced to probation or SIS. While he was supposed to be sentenced to SIS, he points to discrepancies in the record that indicate he was sentenced to probation. For example, the conditions were titled "condition of probation"; many of the conditions required him to report to probation, although there was a handwritten notation of "no" next to the reporting box, which was not checked; and the last page of the guilty-plea sentencing order contained a checked box that indicates Watson was "assigned" to probation.

SIS and probation are not the same, and an SIS reporting requirement is prohibited. *See* Ark. Code Ann. § 5-4-303(c)–(d) (Supp. 2023); *see also Kennedy*, *supra*. Despite the discrepancies, Watson's SIS was revoked because he violated the condition that required him to abide by all laws, as discussed above, not for failing to report. However, because we are remanding this case for the circuit court to correct the illegal sentence for terroristic

9

threatening found in the guilty-plea sentencing order, we also direct the circuit court to correct any scrivener's errors in the revocation sentencing order, including the reference that Watson was assigned to probation.

In conclusion, we affirm the revocation of Watson's SIS for first-degree domestic battery. We remand for the circuit court to correct the sentencing order following Watson's guilty plea with regard to the terroristic-threatening offense and to correct any scrivener's errors in the revocation sentencing order.

Affirmed; remanded to correct sentencing orders.

HIXSON and BROWN, JJ., agree.

*Sharon Kiel*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.