Cite as 2024 Ark. App. 534

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CR-24-73

| | |
|---|---|
| CHANDRA WILLIAMS | Opinion Delivered October 30, 2024 |
| APPELLANT | |
| | APPEAL FROM THE CRAWFORD |
| | COUNTY CIRCUIT COURT |
| V. | [NO. 17CR-21-750] |
| | |
| STATE OF ARKANSAS | HONORABLE MARC MCCUNE, |
| APPELLEE | JUDGE |
| | |
| | AFFIRMED |

## WAYMOND M. BROWN, Judge

The Crawford County Circuit Court revoked appellant Chandra Williams's probation for the underlying charges of possession of methamphetamine and possession of drug paraphernalia, both Class D felonies, upon finding that she had violated the terms and conditions of her probation. She was sentenced to six years' imprisonment followed by six years' suspended imposition of sentence (SIS). Appellant argues that the circuit court erred by denying her directed-verdict motion. We affirm.

Appellant pled guilty to the above charges on March 30, 2022, and was given five years' supervised probation and ordered to pay fines and fees. She was required to complete thirty days of community service and to start paying her fines and fees thirty days after that at the rate of $100 a month. She was also required to be gainfully employed or enrolled as a student at all times; comply with the written rules of probation and supervision; report to

Western Arkansas Guidance Center within a week for assessment and to comply with all recommendations; and pay $35 a month for probation-supervision fees. Appellant signed all necessary documents on March 30.

The State filed a petition to revoke appellant's probation on March 14, 2023, contending that appellant had violated the terms and conditions of her probation by failing to report to her probation officer as ordered at least twice in August 2022, failing to provide proof of employment or proof of enrollment in an educational facility, failing to report a change of address and had changed addresses without prior approval of her probation officer, and failing to pay the fines and costs as ordered by the circuit court with a balance of $3,105 remaining.

The probation-revocation hearing took place on October 4, 2023. Officer Zachary Banks testified that he was currently appellant's probation officer, having taken on that role in October 2022. He stated that the violation report was originally made by appellant's previous probation officer in August 2022, but that officer was no longer an employee. He said that he resubmitted the violation report in February 2023. He testified that appellant failed to comply with the terms and conditions of her probation by failing to report to community service as ordered and failing to report to her probation officer. He stated that appellant was currently in partial compliance in that she reports to the office weekly but that she still was not employed or enrolled in an educational program, had not completed community service, and had not paid her fees. He testified that he did not see appellant until August 2023, six days after she was released from jail. He stated that appellant had

2

been arrested on July 11 and released on August 10 due to a court commitment for absconding. He said that since that time, appellant had paid $65 towards her probation-supervision fees and that she still owed $390. Officer Banks testified that probationers are made aware of the terms and conditions of their probation when they sign them in the courtroom.

Deborah Martin testified that she is responsible for collecting all the fines and restitution in Crawford County. She stated that appellant had not made any payments in this case. However, she admitted that appellant had made a $69 payment that morning, which was applied to an older case.

At the conclusion of the State's case, appellant's counsel unsuccessfully made the following motion:

> Your Honor, at this time I would make a Motion for Directed Verdict. The State has introduced or made no reference to any evidence that the Defendant entered, pleaded guilty, was represented by an attorney, was found guilty, was sentenced, or that as a condition of that sentence, was placed on probation.
>
> Further, there's been no evidence that she was presented or read the written rules of conduct of probation and advised of those. I would note that while there was some reference to generalities of probation by Mr. Banks, the State relied upon hearsay for that, and despite hearsay being more lenient in revocation hearings, my client does still have a right under the confrontation clause of the United States Constitution, as well as the Arkansas Constitution, to confront and cross-examine witnesses.
>
> When no direct evidence is referenced either by a document, or by witness, or by testimony, it denies my client her right to confront and cross-examining witnesses.
>
> At this time, we would ask for the Court to dismiss all charges against her on that basis.

3

Appellant testified that she did not report to her probation officer after August 2022 because she became homeless when her brother came home from prison and kicked her out of their mother's home. She stated that she lived in the woods or would sleep at friends' homes when able. She moved back home about a month later. She testified that her brother was evicted from her mother's home about two days ago. She stated that she works side jobs when she can and that she helps take care of her mother, who is completely bedridden. She said that she did not do community service in Alma because the building was under construction, and she could not do it in Ft. Smith because she did not have transportation. She admitted that although she and her brother both lived in their mother's home, she thought that the condition prohibiting her from living with felons did not apply to them since they were immediate family members, and both had been registered to that address via their probation officers. She said that she failed to report as ordered because she was homeless and that once she returned home, she was afraid to report. She agreed that when she pled guilty and signed the paperwork, the paperwork did not say to follow the rules if she could. She admitted that she was in violation of the terms and conditions of her probation.

Appellant's counsel renewed the earlier motion and rested. The circuit court denied the motion again. Appellant was found to be in violation of her probation in the two underlying cases. She was sentenced to six years' imprisonment on the possession-of-methamphetamine charge, and she was sentenced to six years' SIS on the possession-of-drug-

4

paraphernalia charge. The sentencing order was filed on October 23, 2023. Appellant filed a timely notice of appeal on November 13.

Appellant contends that the circuit court erred when it denied her motion for directed verdict. Motions for directed verdict are challenges to the sufficiency of the evidence.[1] Pursuant to Ark. Code Ann. § 16-93-308(d),[2] a circuit court may revoke a defendant's probation at any time prior to the expiration of the period of probation if it finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of the probation. When the sufficiency of the evidence is challenged on appeal from an order of revocation, the circuit court's decision will not be reversed unless its findings are clearly against the preponderance of the evidence.[3] This court defers to the superior position of the circuit court on determinations of credibility and weight to be given to the testimony.[4]

Appellant pretty much concedes that she failed to comply with the terms and conditions of her probation as alleged in the State's petition. Citing *Scroggins v. State*,[5] appellant maintains that the evidence was insufficient to show that the circuit court was

---

[1]*Holland v. State*, 2017 Ark. App. 49, 510 S.W.3d 311.

[2](Supp. 2023).

[3]*Morgan v. State*, 2020 Ark. App. 212, 599 S.W.3d 665.

[4]*Gilbreth v. State*, 2020 Ark. App. 86, 596 S.W.3d 29.

[5]2021 Ark. App. 87, 389 S.W.3d 40.

aware of the terms and conditions of her probation or that appellant knew that those terms applied to her case. However, this is not the same argument advanced at the revocation hearing and is thus not preserved for our review.

However, even if the argument was preserved, it would fail. Appellant acknowledged that she pled guilty to the underlying charges and signed the necessary paperwork, which she admitted she violated. She never testified that she did not know her actions listed in the revocation petition were in violation of the terms and conditions of her probation. As a matter of fact, she acknowledged they were. Additionally, appellant's signature was found on the guilty plea with the accompanying conditions as well as the additional terms for community service. These documents prove that the terms and conditions were expressly communicated to appellant in writing. The circuit court also signed the plea agreement with accompanying conditions. A court may take judicial notice of its own record in the same case file.[6] Additionally, Officer Banks testified that appellant would have been made aware of the terms and conditions of her probation when she signed them in court. This evidence is enough to show that both appellant and the circuit court knew the terms and conditions of her probation.

Appellate counsel attempts to point us to a colloquy between appellant and the circuit court to show that neither appellant nor the circuit court understood the terms and conditions of appellant's probation; however, most of that colloquy involves another case,

_____

[6]*Mathis v. State*, 2021 Ark. App. 49, 616 S.W.3d 274.

not the subject of this revocation; thus, counsel's argument concerning this colloquy is misplaced.

Affirmed.

HARRISON, C.J., and GLADWIN, J., agree.

*Lancaster Law Firm, PLLC*, by: *Clinton W. Lancaster*, for appellant.

*Tim Griffin*, Att'y Gen., by: *James Hill*, Ass't Att'y Gen., for appellee.