Cite as 2025 Ark. App. 177

# ARKANSAS COURT OF APPEALS

DIVISION III
№ CR-24-202

| | | |
|---|---|---|
| | | **Opinion Delivered** March 19, 2025 |
| CHARLES YOUNGBERG | | |
| | | APPEAL FROM THE STONE COUNTY |
| | APPELLANT | CIRCUIT COURT |
| | | [NO. 69CR-20-61] |
| V. | | |
| | | HONORABLE TIM WEAVER, |
| STATE OF ARKANSAS | | JUDGE |
| | | |
| | APPELLEE | AFFIRMED |

## STEPHANIE POTTER BARRETT, Judge

Appellant Charles Youngberg appeals the revocation of his suspended imposition of sentence (SIS) by the Stone County Circuit Court. Youngberg raises three points on appeal: (1) the revocation was improper because he never received written conditions of the terms of his SIS; (2) his SIS was revoked on a violation that was not alleged in the revocation petition; and (3) there was insufficient evidence of his failure to pay court costs and fees. We affirm the revocation.

On September 14, 2021, Youngberg entered a negotiated plea of guilty to one count of fleeing, a Class D felony, and was placed on five years' SIS.[1] On April 12, 2023, the State

---

[1]As a condition of his SIS, Youngberg was also ordered to serve 120 days in the county jail pursuant to Arkansas Code Annotated section 5-4-304 (Repl. 2024). Additionally, Youngberg also pleaded guilty to first-degree criminal mischief, a Class A misdemeanor, and was placed on a one-year SIS, to be served concurrently with his SIS for fleeing.

filed a petition to revoke Youngberg's SIS alleging that on April 10, 2023, Youngberg had committed the offenses of aggravated assault on a family or household member (enhanced due to being committed in the presence of a child) and endangering the welfare of a minor and that he had failed to pay fines as directed. After a February 1, 2024 hearing on the revocation petition, the circuit court revoked Youngberg's SIS and sentenced him to six years' imprisonment.

Youngberg's first argument is that his SIS cannot be revoked because he did not receive written conditions of his SIS. Arkansas Code Annotated section 5-4-303(e)(2) (Repl. 2024) provides that if a court suspends imposition of sentence on a defendant, the court shall "[g]ive the defendant a written statement explicitly setting forth the conditions under which he or she is being released." The State must prove by a preponderance of the evidence that a defendant received written notice of the conditions. *Conduff v. State*, 2025 Ark. App. 98.

Youngberg hinges his argument on the testimony of Ben Lockard, his probation officer, that he did not have a copy of Youngberg's SIS conditions on file and that the attorney usually reviews the conditions with the defendant. Youngberg asserts that Lockard's testimony confirms there was no proof that he received written conditions of his SIS.

This argument is not preserved for appellate review. As this court held in *Gilbreth v. State*, 2020 Ark. App. 86, 596 S.W.3d 29, this is not an issue of jurisdiction that can be raised at any time; rather, it is a procedural issue, and a procedural issue is waived if not

raised to the circuit court. *Id.* Youngberg failed to object on this basis at the revocation hearing; therefore, he has waived this argument.

Nevertheless, if the merits were considered, we would affirm on this point. Although the statute requires that written conditions be provided to a defendant, there is no requirement that a defendant sign a written acknowledgement of receipt of the conditions or that one be introduced at the revocation hearing; this requirement provides a defendant with due process so that the circuit court cannot later revoke on conditions that were not provided to the defendant in writing. *Id.* In this case, the record contains a copy of the written conditions of Youngberg's SIS, signed by Youngberg, stating that he had read, understood, and would comply with the terms and conditions of his SIS. The two written conditions of Youngberg's SIS at issue—that he not commit a criminal offense punishable by imprisonment and that he begin paying his fines, fees, and costs within thirty days of the date of the plea and make regular monthly payments of at least $100 a month unless the amount was modified in writing by his probation officer—were contained in the written SIS conditions. A defendant has been adequately apprised of what behavior is prohibited when he signs the SIS conditions, and a revocation based on violations of the written conditions will be upheld. *See Watson v. State*, 2024 Ark. App. 277, 688 S.W.3d 175.

Youngberg's remaining arguments concern the sufficiency of the evidence to revoke his SIS. To revoke an SIS, the State had the burden of proving by a preponderance of the evidence that the defendant violated a condition of his SIS; due to the lower burden of proof, evidence that is insufficient to support a criminal conviction may be sufficient to support a

revocation. *Smith v. State*, 2025 Ark. App. 108. The State need only prove one violation to sustain a revocation, and this court defers to the superior position of the circuit court to determine credibility of the witnesses and the weight to be given their testimony. *Id.*

Youngberg argues that his revocation cannot be affirmed on the basis that he committed aggravated assault on a family or household member or endangering the welfare of a minor because in revoking his SIS, the circuit court stated that the State had proved by a preponderance of the evidence that he had committed the crime of assault and battery,[2] and he asserts this discrepancy amounts to revocation without adequate notice of the grounds. We need not rule on this issue because it is not preserved for appellate review. Youngberg failed to object to the lack of notice when the circuit court revoked his SIS because he committed assault and battery. While a defendant's right to due process requires that he be given notice of the conditions he was alleged to have violated, it is also true that the denial of any right, even a constitutional one, must be objected to at trial to be preserved for appeal; when an issue is not brought to the attention of the circuit court, it cannot be considered on appeal because the circuit court had no opportunity to rule on the issue. *Cheshire v. State*, 80 Ark. App. 327, 95 S.W.3d 820 (2003).

Youngberg also argues there was insufficient evidence that he had failed to pay his fines, fees, and costs. He asserts there was no evidence he had willfully failed to make payments; that he made several payments; that he called the clerk's office frequently; and

---

[2]The victim was Youngberg's former wife, Autumn Brackett, and she testified that Youngberg hit her head and face and choked her in front of their six-year-old twin daughters.

4

that he was told by someone in the clerk's office that he was required to pay something each month, which he did. He also argues that there was no requirement that he pay his fines by a specific date. These arguments are unavailing.

The State alleged in the revocation petition that Youngberg had failed to pay his fines as directed and that his balance in the clerk's office was $13,856. While the testimony at the revocation hearing was that Youngberg's balance was $14,056.61, not all of that was attributable to this case; he also had costs, fines, and fees associated with several other cases. In the present case, Youngberg was ordered to pay $4040 in fines, costs, and fees. At the February 1, 2024 revocation hearing, the circuit clerk testified he was not current on his payments, and according to her records, his last payment had been in November 2022.

When the alleged violation involves failure to pay, and the State has introduced evidence of nonpayment, the burden shifts to the defendant to provide a reasonable excuse for such failure. *Stewart v. State*, 2021 Ark. App. 289, 624 S.W.3d 357. When a defendant offers no reasonable excuse, reversal of a revocation on that basis is not warranted. *Vail v. State*, 2014 Ark. App. 407, 438 S.W.3d 286. The testimony at the February 2024 revocation hearing was that Youngberg's last payment was in November 2022, and he offered no excuse for his failure to make the payments. The circuit court specifically found, "There's been nothing submitted to this Court that Mr. Youngberg was anything other than able bodied and able to earn, make money and provide payment. So it's obvious that he has, in fact, violated the terms and conditions of his SIS by failing to make those payments." We defer

to the circuit court's determinations regarding credibility.  *Smith, supra.*  We hold that the evidence was sufficient to revoke Youngberg's SIS on this basis as well.

Affirmed.

ABRAMSON and VIRDEN, JJ., agree.

*Lassiter & Cassinelli*, by: *Michael Kiel Kaiser*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.