Cite as 2025 Ark. App. 434

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-24-760

| | |
|---|---|
| JOSEPH HUFFMAN | Opinion Delivered September 24, 2025 |
| APPELLANT | APPEAL FROM THE ARKANSAS COUNTY CIRCUIT COURT, NORTHERN & SOUTHERN DISTRICTS [NOS. 01SCR-20-144 & 01DCR-22-83] |
| V. | |
| STATE OF ARKANSAS | HONORABLE DONNA GALLOWAY, JUDGE |
| APPELLEE | |
| | AFFIRMED AS MODIFIED IN PART; DISMISSED IN PART |

### N. MARK KLAPPENBACH, Chief Judge

Joseph Huffman was on probation in two criminal cases, 01SCR-20-144 and 01DCR-22-83, but the circuit court found him in violation in both cases and revoked his probation. Huffman appeals the sentencing order filed of record on August 2, 2024. Huffman argues that the circuit court committed reversible error by finding, in both cases, that he inexcusably violated the terms and conditions to which he had agreed. The only order designated in the notice of appeal is the sentencing order in 01SCR-20-144 that was filed on August 2. We affirm the decision to revoke in 01SCR-20-144, but we modify the sentencing order to correct an illegal sentence. We dismiss the appeal as to 01DCR-22-83.[1]

---

[1]The circuit court entered an order on July 31, 2024, reciting that Huffman's probation was revoked in 01DCR-22-83, no additional incarceration would be imposed, and Huffman would continue to be responsible for certain payments. An official sentencing order was not filed in 01DCR-22-83 although it is required by Arkansas Supreme Court Administrative Order

In 2020, Huffman was charged with possession of methamphetamine and possession of drug paraphernalia in case number 01SCR-20-144. Both charges are Class D felonies. In November 2021, Huffman pleaded guilty, and the circuit court ordered Huffman to serve two concurrent four-year terms of probation. Huffman was required to abide by several conditions of probation, including that that he not use controlled substances and that he make monthly payments toward $2,080 in fines, fees, and costs. In 2022, Huffman was admittedly in violation of his conditions. The circuit court approved an agreement between the State and Huffman requesting that the circuit court suspend imposition of a sentence conditioned on his abiding the conditions previously imposed.

Before the expiration of the original four years of probation, in June 2024, the State filed a petition to revoke, alleging that Huffman tested positive for drugs in October 2023 (amphetamine and methamphetamine) and failed to pay fines and fees as ordered. At a hearing in July 2024, the State presented evidence to support that Huffman's payment history showed he was delinquent. Huffman had completed a rehabilitation program in April 2023, but in October 2023, he tested positive for amphetamines and methamphetamine. Huffman testified about his reasons for not making his required payments, which he believed were valid excuses. He also explained the positive drug test, saying that he did not realize he consumed illegal drugs when he used a friend's vape pen.

---

No. 8. Additionally, Huffman's notice of appeal designated only the August 2 sentencing order. A notice of appeal must identify the judgment or order being appealed. Ark. R. App. P.–Crim. 2(a). We lack appellate jurisdiction to consider 01DCR-22-83. *See Hopper v. State*, 2025 Ark. App. 275, 712 S.W.3d 782. For this reason, we do not discuss the facts related to that case.

The circuit court found that Huffman had violated the terms and conditions, resulting in revocation. The circuit court sentenced Huffman to two ten-year terms of imprisonment to be served concurrently and ordered that he pay costs, fees, and fines upon release from prison. The circuit court filed a sentencing order on August 2, 2024, from which Huffman appeals.

Huffman argues that the State failed to prove that he inexcusably failed to pay. To support revocation, the State must prove a violation of the conditions by a preponderance of the evidence. *Williams v. State*, 2019 Ark. App. 437, 586 S.W.3d 208. However, the State need only prove a defendant violated one condition in order to revoke. *Id.* We will not reverse the circuit court's decision to revoke unless it is clearly erroneous or clearly against the preponderance of the evidence. *Id.*

The State alleged that Huffman tested positive for illegal drugs, which Huffman did not dispute. On appeal, Huffman challenges only the finding that he failed to pay as ordered. Huffman does not address his positive test for amphetamines and methamphetamine. When the circuit court bases its decision on multiple independent grounds and the appellant fails to attack any independent, alternative bases, we will affirm. *Perkins v. State*, 2024 Ark. App. 169, 686 S.W.3d 569. On a preponderance-of-the-evidence burden of proof, there was sufficient evidence upon which to revoke Huffman's probation.

Although we affirm the trial court's decision to revoke Huffman's probation, we modify Huffman's sentence to correct an illegal sentence. The State points out that the circuit court was without authority to sentence Huffman to ten years in prison for the crimes to which he pled guilty, and we agree.

This court may review a void or illegal judgment sua sponte regardless of whether the issue is raised by a party. *See Willingham v. State*, 2021 Ark. 177, 631 S.W.3d 558; *Pennington v. Hobbs*, 2014 Ark. 441, 497 S.W.3d 186. The State concedes error in sentencing, and judicial efficiency and economy require the matter to be corrected rather than requiring a separate petition for postconviction relief to be filed. *See Artero v. State*, 2025 Ark. App. 290. Sentencing in Arkansas is entirely a matter of statute, and no sentence shall be imposed other than as prescribed by statute. *McKee v. State*, 2024 Ark. App. 538, 700 S.W.3d 509. If a sentence is illegal, even though it has been partially executed, the court may correct it. *Limbocker v. State*, 2016 Ark. 415, 504 S.W.3d 592; *State v. Webb*, 373 Ark. 65, 281 S.W.3d 273 (2008). The remedy for an illegal sentence is not dismissal of the proceedings. *Watson v. State*, 2024 Ark. App. 277, 688 S.W.3d 175.

For a Class D felony, the sentence shall not exceed six years of incarceration, and a fine may not exceed $10,000. Ark. Code Ann. § 5-4-401(a)(5) (Repl. 2024); Ark. Code Ann. § 5-4-201(a)(2) (Repl. 2024). Here, the fine imposed was well below the statutory maximum. However, the circuit court exceeded its authority when it sentenced Huffman to terms of imprisonment longer than six years. We modify Huffman's sentencing order to reflect concurrent six-year sentences.

In summary, we affirm the sentencing order in 01SCR-20-144 but modify it to correct the illegal sentences, and we dismiss the appeal as to 01DCR-22-83.

Affirmed as modified in part; dismissed in part.

VIRDEN and WOOD, JJ., agree.

4

*Vicki Lucas*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Dalton Cook*, Ass't Att'y Gen., for appellee.